809 F.2d 786
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Callie SIMMONS, Plaintiff-Appellant,
v.
The CHESAPEAKE & POTOMAC TELEPHONE COMPANY OF VIRGINIA;
William E. Easton; D.H. All, Defendants-Appellees.
 No. 86-1117.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 30, 1986.
Decided Jan. 8, 1987.
 
 Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.
 Jonathan M. Apgar, Mary E. Zanolli, Willis, Damico & Apgar, on brief for appellant.
 Thomas T. Lawson, W. Fain Rutherford, Andrew T. Sanders, Jr., Woods, Rogers & Hazelgrove, on brief for appellees.
 PER CURIAM:
 
 
 1
 Callie Simmons, a black woman, runs T & S Janitorial Services (T & S). Begun as a sole proprietorship, T & S was incorporated in April 1983. At that time Simmons became president and her son Theodore was installed as treasurer of the corporation. The two are the sole stockholders. Since 1973, T & S has had a number of contracts with Cheapeake and Potomac Telephone Company (C & P) to provide cleaning services for a number of C & P's buildings.
 
 
 2
 Complying with the terms of the contract, C & P gave notice and canceled several different contracts with T & S. In the cancellation notice, C & P stated that it was their practice to cancel contracts in an attempt to keep costs low.
 
 
 3
 Simmons filed this suit pursuant to 42 U.S.C. Secs. 1981 and 1983, alleging that C & P discriminated against her on the basis of race and sex in canceling contracts and requesting bids, in awarding cost of living increases and in supervising her janitorial services.
 
 
 4
 The district court dismissed the suit, finding that all the dealings in question were between C & P and T & S Janitorial Services, the corporation. A corporation may have a claim pursuant to 42 U.S.C. Sec. 1981. Howard Security Services, Inc. v. Johns Hopkins Hospital, 516 F.Supp. 508 (D.Md.1981); Organization of Minority Vendors v. Illinois Central Gulf Railroad, 579 F.Supp. 574 (N.D.Ill.1983). However, an officer or stockholder may not sue for a corporation's injury. Wombly v. Dixon, 752 F.2d 80 (4th Cir.1984); United States v. Palmer, 578 F.2d 144 (5th Cir.1978). Thus, Simmons has no individual standing to sue for any work lost by the corporation due to any allegedly discriminating practice by C & P.
 
 
 5
 We affirm the judgment of the district court. Because the dispositive issues have recently been decided authoritatively, we dispense with oral argument.
 
 
 6
 AFFIRMED.