851 F.2d 637
 57 USLW 2045
 YORK BANK & TRUST COMPANY, Appellant,
v.
FEDERAL SAVINGS & LOAN INSURANCE CORPORATION in its
corporate capacity and as receiver for Empire Savings & Loan
Assoc. & The Federal Home Loan Bank Board First United Fund
Limited, Inc. & P.V. Anderson, Inc.
 No. 87-5792.
 United States Court of Appeals,
Third Circuit.
 Argued March 17, 1988.
Decided June 29, 1988.
As Amended July 1 and July 18, 1988.
Rehearing and Rehearing In Banc Denied Aug. 1, 1988.
 
 Arthur J. Murphy, Jr., David L. Haber (argued), Murphy, Taylor & Adams, P.C., Pittsburgh, Pa., for appellant.
 Charlotte A. Reid, Dorothy L. Nichols (argued), Federal Home Loan Bank Bd., Washington, D.C., for appellee, Federal Home Loan Bank Bd., Federal Sav. and Loan Ins. Corp. in its corporate capacity and as receiver for empire.
 Roy A. Powell, Edward C. Schmidt, Rose, Schmidt, Hasley & DiSalle, Pittsburgh, Pa., for appellee, First United Fund, Ltd.
 Before STAPLETON, MANSMANN and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 MANSMANN, Circuit Judge.
 
 
 1
 This appeal by York Bank and Trust Company raises issues concerning the nature of a claim against the Federal Savings and Loan Insurance Corporation and the scope of judicial review available when the FSLIC is sued as an insurer. For the reasons discussed below we determine that the district court erred in construing York Bank's complaint against the FSLIC as a complaint against FSLIC as the receiver of a failed savings and loan institution. We conclude as well that judicial review of a determination by the FSLIC as insurer is subject to review by the district court under the standards enunciated in the Administrative Procedure Act. We will, therefore, remand for proceedings consistent with this opinion.
 
 I.
 
 2
 In 1983 York Bank and Trust Company, a banking corporation chartered under the laws of Pennsylvania, purchased five certificates of deposit from Empire Savings and Loan of Mesquite, Texas. The total face value of these "jumbo CDs" was $1,241,000.[1] Accounts at Empire were insured by the FSLIC.
 
 
 3
 On or about March 14, 1984 Empire was placed into receivership by the FSLIC. On March 15, 1984 York filed a claim with the FSLIC pursuant to 12 U.S.C. Sec. 1724 for the recovery of the insurance on these certificates. This claim was denied by the FSLIC except for an aggregate total of $100,000. At that time York was also provided with claim certificates enabling it to receive a pro-rata share of Empire's assets, upon final distribution of those assets. On November 16, 1984 York filed for reconsideration of the FSLIC's determination, and that petition was denied as well.
 
 
 4
 Thereafter, on March 12, 1986 York Bank brought an action in the United States District Court for the Middle District of Pennsylvania, seeking the full amount of the CDs plus interest and attorney's fees. The complaint named the FSLIC, First United Fund Limited, Inc. and P.V. Anderson, Inc. as defendants.[2] The FSLIC then filed a Motion to Dismiss the federal defendants on the grounds that the district court had no subject matter jurisdiction in the case. The district court granted the motion and dismissed the case against the FSLIC 663 F.Supp. 1100. This appeal followed.
 
 II.
 
 5
 We review the district court's dismissal of the complaint under a plenary standard of review. D.P. Enterprises, Inc. v. Bucks County Community College, 725 F.2d 943, 944 (3d Cir.1984). We will first examine the existence vel non of subject matter jurisdiction over the federal defendants.
 
 
 6
 If York Bank's complaint is construed as an attempt to state a claim against the FSLIC and the Federal Home Loan Bank Board (FHLBB) as receiver of Empire Bank rather than as an insurer, then York's failure to exhaust its administrative remedies would result in a lack of subject matter jurisdiction.[3] We observe, however, that before this court, York Bank has not wavered from its position that the suit against the FSLIC was in the FSLIC's capacity as insurer. We therefore conclude that the district court misconstrued the nature and intent of York Bank's complaint.
 
 
 7
 In its complaint[4] filed in the district court York specifically refers to Empire as an "insured institution" pursuant to National Housing Act, Subchapter IV. Insurance of Savings and Loan Accounts, 12 U.S.C. Secs. 1724-1730a (1982 & Supp. IV 1986). York also specifically refers to its claim against the FSLIC as being the same claim for insurance proceeds that York had previously pressed before that agency. We note as well that the communications between York Bank, the FSLIC and the FHLBB prior to the commencement of suit all refer to the underlying problem as involving the insurance of York's deposits at Empire Bank. In addition, the pleadings do not allege an attempt to reach the assets of Empire either through a claim in receivership or by any other means.
 
 
 8
 The district court essentially assumed that York sued the FSLIC solely as receiver of Empire Bank's assets and not as the insurer of the certificate of deposit. The court founded this assumption on assertions in York Bank's brief, filed in the district court, opposing the federal defendant's Motion to Dismiss. This district court brief, although alluded to in appellant's brief, was not among the papers presented to this court. Even if it were, we consider the allegations and averments of the complaint more fundamentally important in that the complaint alerts and informs the defendant as to the nature of the claims being asserted. In this case, FSLIC understood from the complaint that it was being sued for insurance proceeds. Responding to the complaint, FSLIC admitted that a claim for insurance proceeds had been presented to it, and FSLIC tendered to the court for review the administrative record pertaining to that claim.
 
 
 9
 In this case, we find that the complaint stated with sufficient precision that York Bank sued the FSLIC in its corporate capacity as insurer of funds deposited with Empire Bank. Therefore, the district court erred in its determination that the FSLIC was being sued in its receivership capacity and we will remand for proceedings consistent with this opinion.
 
 III.
 
 10
 Given our determination that York Bank stated a claim against the FSLIC as insurer and our remand for a determination on the merits, we next assess the standard of review under which the district court will evaluate the claim.
 
 
 11
 The FSLIC, as an agency of the United States, adjudicates claims through an administrative procedure pursuant to regulations promulgated by the FHLBB. Lyons Sav. & Loan Assoc. v. Westside Bancorporation, Inc., 828 F.2d 387, 390 (7th Cir.1987). The FSLIC insists that its decisions on the claims are subject to review in a district court under the Administrative Procedure Act, 5 U.S.C. Secs. 551-559, 701-706 (1982 & Supp. IV 1986), utilizing the arbitrary and capricious standard of review, 5 U.S.C. Sec. 706(2). The FSLIC asserts that, absent a congressional directive to conduct de novo review, consideration must be confined to the administrative record.
 
 
 12
 To support its position the FSLIC cites Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 414, 91 S.Ct. 814, 822, 28 L.Ed.2d 136 (1971). In that case the Supreme Court found that when a district court reviews federal agency action subject to the provisions of the APA, the arbitrary and capricious standard applies. When agency action is taken pursuant to a rule-making provision of the APA or when agency action is based on a public adjudicatory hearing, the reviewing court utilizes the substantial evidence test. De novo review is authorized for review of an adjudicatory action in which the agency fact-finding procedures are inadequate.
 
 
 13
 York Bank relies principally on Jugum v. FSLIC, 637 F.Supp. 1045 (W.D.Wa.1986), which upheld the right of a depositor to enforce a claim against the FSLIC but did not limit that right to review under the provisions of the APA. The court in Jugum noted that under 12 U.S.C. Sec. 1725(c)(4), the FSLIC has the authority to sue or be sued in any court of competent jurisdiction. Id. at 1047. Under 12 U.S.C. Sec. 1728(b), the FSLIC must pay insurance on insured accounts, but it may require the judicial determination of liability before paying claims. Moreover, 12 U.S.C. Sec. 1728(c) provides a statute of limitations for actions against FSLIC as insurer. Id. The district court evaluated these provisions and determined that it had the authority to decide such actions on the merits. The district court also reasoned that no statutory provision required the exhaustion of administrative remedies prior to judicial action and that the statute of limitations provision in Sec. 1728(c) implied that administrative action need not be taken. Id. The court in Jugum concluded by noting that limitations on administrative procedures available to FSLIC claimants "suggest that Congress intended that those claimants would have access to an independent judicial determination of their entitlement to insurance." Id. at 1048.
 
 
 14
 Although the court in Jugum relied heavily on the provisions of 12 U.S.C. Sec. 1728(b) and (c) to support its position that an aggrieved depositor was not limited to judicial review under the APA, we find no language in those provisions which authorizes review under a different standard.
 
 
 15
 We begin our own analysis with the regulations promulgated by the FHLBB, Amendment of Part 564--Settlement of Insurance, 50 Fed.Reg. 49,527 (1985) (codified at 12 C.F.R. Sec. 564.1). In general 12 C.F.R. Sec. 564.1 (1988) provides for the payment of insurance to accountholders of insured institutions. If the Director of the Insurance Division determines that all or a portion of an account is not insured, the Director shall notify the accountholder and provide the accountholder with a certificate of claim in liquidation to enable the accountholder to share in the proceeds, if any, of liquidation. Id. at Sec. 564.1(d)(2). The accountholder may request reconsideration of the initial determination, id. at Sec. 564.1(d)(3), and the FSLIC must either grant or deny the request within 60 days,id. at Sec. 564.1(d)(3)(iii)(c). The Director must issue a decision regarding the accountholder's claim for insurance within 180 days thereafter. Id. at Sec. 564.1(d)(4). An accountholder's failure to request reconsideration constitutes a failure to exhaust administrative remedies and all objections to the initial determination are deemed to be waived. Id. at Sec. 564.1(d)(5)(b)(iii).
 
 
 16
 Section 564.1(d)(5) permits judicial review of final agency actions taken under Section 564.1(d)(4). Thus the regulations provide for judicial review, anticipated as a necessary part of the FSLIC legislative scheme.
 
 
 17
 We find, however, that the judicial review envisioned by this insurance and banking legislation is subject to the provisions of the Administrative Procedure Act. 5 U.S.C. Sec. 551-559 (1982 & Supp. IV 1986). Chapter Seven of the Act codifies and defines not only what agency decisions are judicially reviewable, but what the standard of review should be. 5 U.S.C. Secs. 701-706 (1982 & Supp. IV 1986). We begin by noting that the Act applies to agency actions except to the extent that--
 
 
 18
 (1) statutes preclude judicial review; or
 
 
 19
 (2) agency action is committed to agency discretion by law.
 
 5 U.S.C. Sec. 701(a).[5]
 
 20
 Specifically, agency actions subject to judicial review are either those made reviewable by statute or those final agency actions for which no other adequate remedy remains in a court. On the review of a final agency action, preliminary, procedural or intermediate agency rulings that are not directly reviewable are subject to review. 5 U.S.C. Sec. 704. Finally, the APA provides that a reviewing court shall decide all relevant questions of law and shall
 
 
 21
 (2) hold unlawful and set aside agency action, findings, and conclusions found to be--
 
 
 22
 (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; ....
 
 
 23
 5 U.S.C. Sec. 706.
 
 
 24
 We conclude, therefore, that final FSLIC decisions, while certainly reviewable by the district court, must be reviewed under the "arbitrary and capricious" standard of the APA. We find support for this position in the recent case of Baskes v. Federal Sav. and Loan Ins. Corp., 649 F.Supp. 1358 (N.D.Ill.1986). Baskes also involved insurance claims on funds deposited at Empire Savings and Loan of Mesquite, Texas.
 
 
 25
 In Baskes, a depositor who believed he had not received full insurance payments to which he was entitled from the FSLIC filed a complaint in the district court seeking, inter alia, judicial review of the insurance determination. The district court stated:
 
 
 26
 The standard of review for analyzing the final determination of the FSLIC is established by the APA. 5 U.S.C. Sec. 706. When reviewing administrative decisions, courts are authorized to set aside agency decisions only when they are: (1) unconstitutional, (2) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law, (3) not authorized by statute, (4) violative of established procedure, or (5) unsupported by substantial evidence. In the present case, [the plaintiff] asserts the decision of the FSLIC refusing trust account coverage on the two insurance claims as trustee was arbitrary and capricious.
 
 
 27
 ....
 
 
 28
 Finally, a court reviewing an administrative decision is not permitted to hold a de novo hearing, but must restrict its inquiry to evidence contained in the administrative record. Atlantic Refining Co. v. FTC, 381 U.S. 357, 367, 85 S.Ct. 1498, 1505, 14 L.Ed.2d 443 (1965).
 
 
 29
 Baskes, 649 F.Supp. 1361-62.
 
 
 30
 We note as well the Fifth Circuit's adherence to the proposition that "the FSLIC's determination on insurance must be challenged by seeking review pursuant to the Administrative Procedure Act." Godwin v. Fed. Sav. and Loan Ins. Corp., 806 F.2d 1290, 1292 (5th Cir.1987).
 
 
 31
 We find that determinations made by the FSLIC in regard to insurance of depositors' accounts are judicially reviewable under the provisions of the Administrative Procedure Act.
 
 
 32
 The judgment of the district court is vacated and the cause remanded for proceedings consistent with this opinion.
 
 
 33
 STAPLETON, Circuit Judge, concurring and dissenting:
 
 
 34
 I agree with my colleagues that York Bank's complaint states a claim for insurance proceeds and that, accordingly, this case should be remanded to the district court for further proceedings. I write separately because I believe the district court should conduct a de novo proceeding as it would in any other suit to recover insurance proceeds.
 
 
 35
 As the court's opinion appears to acknowledge, the APA's provisions for judicial review of agency actions are not intended to preempt adequate judicial remedies created by Congress in other federal legislation. 5 U.S.C. Sec. 704 (1982); see, e.g., Alabama Rural Fire Ins. Co. v. Naylor, 530 F.2d 1221, 1230 (5th Cir.1976) ("Section 704 of the APA provides that judicial review is inappropriate where there exists some other adequate remedy in a court, and the availability of a remedy in the Court of Claims under the Tucker Act has been held to be an adequate remedy."). Because Congress clearly intended that persons having deposits in insured savings and loan institutions would be able to institute plenary suits against the FSLIC in a federal district court to collect insurance proceeds, the APA does not deprive York Bank of its right to a de novo determination of the factual and legal issues raised by its complaint. See Newsom v. Vanderbilt Univ., 653 F.2d 1100, 1108 (6th Cir.1981) (stating that "the Administrative Procedure Act does not prevent the court from engaging in a de novo review where the language of the statute or the legislative history authorize[s] a trial de novo ").
 
 
 36
 In the FSLIC Act, Congress, after establishing the FSLIC as a public corporation, decreed that "[i]t shall be the duty of the Corporation to insure the accounts of all Federal savings and loan associations...." 12 U.S.C. Sec. 1726(a) (1982). Upon approval of an application from a savings and loan, the FSLIC is directed to issue a certificate of insurance, id. Sec. 1726(c), which in effect creates an agreement between the FSLIC and the applicant. Depositors are the third party beneficiaries of these agreements of insurance when a savings and loan association defaults. See id. Sec. 1728(a), (b). The "FSLIC is [thus] in the insurance business" and, even in the absence of express Congressional stipulation, it may be "assumed to have accepted the ordinary incidents of suits in such business." North N.Y. Sav. Bank v. FSLIC, 515 F.2d 1355, 1364 (D.C.Cir.1975) (footnote omitted). Express Congressional stipulations do exist, however.
 
 
 37
 When one examines the Act, one finds what one would expect to find in the context of a corporation issuing insurance: (1) "[i]n the event of a default by any insured institution, payment of each insured account ... shall be made by the Corporation as soon as possible ..."; (2) "the Corporation, in its discretion, may require proof of claims to be filed before paying the insured accounts"; and (3) "where the Corporation is not satisfied as to the validity of a claim for an insured account," it may, in its discretion, reject a claim and "require the final determination [of the claim by] a court of competent jurisdiction." 12 U.S.C. Sec. 1728(b) (1982).
 
 
 38
 In implementation of these provisions the FSLIC is authorized to "sue and be sued ... in any court of competent jurisdiction," id. Sec. 1725(c)(4). Further, "any civil action, suit, or proceeding to which the Corporation shall be a party [is] deemed to arise under the laws of the United States, and the United States district courts shall have original jurisdiction thereof, without regard to the amount in controversy." Id. Sec. 1730(k)(1)(B). Monetary judgments against the FSLIC can be entered by the district courts, but there can be "[n]o attachment or execution ... against the Corporation or its property before final judgment." Id. Sec. 1730(k)(1).
 
 
 39
 If any doubt remains concerning the intent of Congress after reviewing these statutory provisions, it is dispelled by the following section of the statute:
 
 
 40
 (c) No action against the Corporation to enforce a claim for payment of insurance upon an insured account of an insured institution in default shall be brought after the expiration of three years from the date of default unless, within such three year period, ... the claim for payment of insurance shall have been presented to the Corporation and its validity denied, in which event the action may be brought within two years from the date of such denial."
 
 
 41
 Id. Sec. 1728(c).
 
 
 42
 It is hard to imagine how Congress could state more clearly that a plenary civil action may be brought by a depositor against the FSLIC for insurance proceeds within three years of the default and that this is permissible whether or not a claim has been presented to the FSLIC and rejected by it. The opinion of the court does not, and cannot, attribute any other meaning to these words. As the Court of Appeals for the Ninth Circuit has recently observed with respect to this section, "[t]he language used indicates unambiguously that Congress anticipated judicial adjudication in the event of a disputed claim...." Morrison-Knudsen Co. v. CGH Int'l Inc., 811 F.2d 1209, 1220 (9th Cir.1987), petition for cert. filed sub nom. FSLIC v. Stevenson Assocs., No. 87-451, 56 U.S.L.W. 3249 (Sept. 17, 1987).
 
 
 43
 Other provisions of the Act and related legislation also indicate that Congress expected judicial, rather than agency resolution of insurance agreement disputes and that, as in other suits on an insurance policy, the insurer's reasons for denying a claim to the proceeds plays no crucial role in the adjudication. I do not chronicle those other provisions here because they have been thoroughly reviewed in Herbert v. National Credit Union Admin. Bd., 663 F.Supp. 833 (E.D.Mo.1987) and Jugum v. FSLIC, 637 F.Supp. 1045 (W.D.Wash.1986).
 
 
 44
 In my view, the statute leaves us with no alternative but to remand for a de novo determination of the facts and the law, with appropriate deference being accorded the FSLIC's interpretation of its own regulations.
 
 
 
 [1]
 The certificates of deposit purchased were as follows:
 Account No. Face Amount Dated Purchased Account Holder
491010990 $104,000 10/5/83 Yorst & Co.
 c/o York
 Bank and
 Trust Co.
491012780 537,000 10/20/83
491016187 370,000 11/28/83
491016831 130,000 12/12/83
491018035 100,000 12/30/83 Yorst & Co.
 
 
 [2]
 First United Fund and P.V. Anderson were the broker-dealers through whom York Bank purchased the CDs at issue. The claims against these parties were settled and do not form any portion of this appeal
 
 
 [3]
 We note a conflict between the Courts of Appeals for the Fifth and Ninth Circuits on the issue of subject matter jurisdiction. In North Mississippi Sav. & Loan Ass'n v. Hudspeth, 756 F.2d 1096 (5th Cir.1985), cert. denied, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), the court held that the sole remedy against the FSLIC consists of administrative procedures followed by judicial review under the APA. A panel of the Court of Appeals for the Ninth Circuit disagreed in Morrison-Knudsen Co., Inc. v. CHG Int'l, Inc., 811 F.2d 1209 (9th Cir.1987), determining that, although in some cases exhaustion of administrative remedies may be prudent, failure to do so will not deprive a district court of jurisdiction. We also note that a subsequent panel of the Ninth Circuit has implicitly overruled Morrison-Knudsen. See Fidelity Financial Corp. v. FSLIC, 834 F.2d 741 (9th Cir.1987). Finally we note that ten days before this court heard argument in this case, the Supreme Court granted certiorari in Coit Independence Joint Venture v. Firstsouth F.A., 829 F.2d 563 (5th Cir.1987), cert. granted, --- U.S. ----, 108 S.Ct. 1105, 99 L.Ed.2d 267 (1988). In Coit the court followed Hudspeth and rejected Morrison-Knudsen on the issue of FSLIC's exclusive jurisdiction
 
 
 [4]
 The relevant paragraphs of the complaint read as follows:
 
 
 [17]
 Empire was at all times herein mentioned, an "insured institution" as provided in 12 U.S.C. Secs. 1724-1730a
 * * *
 
 
 [19]
 On March 15, 1984, York Bank filed a claim with FSLIC for the recovery of the aforesaid deposits. FSLIC failed and refused to pay the amount due and owing. The FSLIC still fails and refuses to pay such claim except for $100,000.00, which was paid without prejudice to the position of either of the parties
 
 
 [5]
 By definition, an "agency" is an authority of government, but does not include:
 "(b) For the purpose of this chapter--
 (A) the Congress;
 (B) the courts of the United States;
 (C) the governments of the territories or possessions of the United States;
 (D) the government of the District of Columbia;
 (E) agencies composed of representatives of the parties or of representatives of organizations of the parties to the disputes determined by them;
 (F) courts martial and military commissions;
 (G) military authority exercised in the field in time of war or in occupied territory; or
 (H) functions conferred by sections 1738, 1739, 1743, and 1744 of title 12; chapter 2 of title 41; or sections 1622, 1884, 1891-1902, and former section 1641(b)(2), of title 50, appendix; and...."