**FEDERAL SAVINGS AND LOAN IN-SURANCE CORPORATION, Plaintiff,**

**v.**

**52 PARK ASSOCIATES, Donald M. Flaks, Arthur Fefferman, Edwin J. Glickman, Bertram Lewis, Riverview Construction Co., Inc., Apex Erectors, Inc., Lastrada General Contracting Corp., Jobin Waterproofing Corp., Henry Paul, Inc., Par Plumbing Co., Inc., Prestige Elevator Cab Remodeling and Accessories Co., Arrow Louver & Damper, Circle Industries Corp., Master Thermal Systems, Inc., Inland Architectural Products, Inc., Harry Wolsky, Inc., Jansons Associates, Inc., Anthony Perri, Inc., Ram Compaction Corp., Blitman Building Corp., David Kenneth Spector & Associates, Westinghouse Electric Corporation, and the City of New York, Defendants.**

**No. 88 Civ. 5349 (RWS).**

United States District Court,
S.D. New York.

April 6, 1989.

Patterson, Belknap, Webb & Tyler, New York City (Lawrence S. Menkes and Rich-

ard H. Savage, of counsel), Hopkins & Sutter, Chicago, Ill. (Albert C. Maule and Joseph F. Griffin, of counsel), Federal Home Loan Bank Bd., Office of Gen. Counsel, Washington, D.C. (Thomas J. Segal, John B. Beaty and Bea Valdez, of counsel), for plaintiff.

Kronish, Lieb, Weiner & Hellman, New York City (Laurence J. Kaiser, of counsel), for defendant 52 Park Ave. Associates, Donald M. Flaks, Arthur Fefferman, Edwin J. Glickman and Bertram Lewis.

Postner & Rubin, New York City (Scott D. Stechman, of counsel), for defendant Riverview Const. Co., Inc.

Corwin & Solomon, New York City (Erwin L. Corwin, of counsel), for defendant Apex Erectors, Inc.

John J. Tenenbaum, Valley Stream, N.Y., for defendant Lastrade General Contracting Corp.

Hart & Hume, New York City (Cecil Holland, Jr., of counsel), for defendant Henry Paul, Inc.

Yesnowitz & Yesnowitz, Valley Stream, N.Y. (Gilbert Yesnowitz, of counsel), for defendant Par Plumbing Co., Inc.

Arnold E. Rubinstein, New York City, for defendant Circle Industries.

Tunstead, Schechter & Torre, New York City (John J.P. Krol, of counsel), for defendant Master Terminal Systems.

Krainin, Paltrowitiz & McKenzie, New York City (Harold L. Krainin, of counsel), for defendant Inland Architectural Products.

Ronald J. Rosenberg, Garden City, N.Y. (William J. Birney, of counsel), for defendant Harry Wolsky, Inc.

Taylor Newmark & Rosenberg, New York City (Stuart Newmark, of counsel), for defendant Jansons Associates.

Anthony D. Perri, Bayville, N.Y., for defendant Anthony D. Perri, Inc.

Greenberg & Shernoff, New York City (Richard Greenberg, of counsel), for defendant Ram Compaction Corp.

Ross & Cohen, New York City (Charles Fastenberg and Daniel E. Katz, of counsel), for defendant Blitman Building Corp.

Davis & Davis, New York City (Harold Davis, of counsel), for defendant David Kenneth Spector.

Feltman, Karesh, Major & Farbman, New York City, for defendant Westinghouse Elec. Corp.

Maria T. Jones, Sp. Asst. Corp. Counsel, Brooklyn, N.Y. by Gene Gaffney, Asst. Corp. Counsel, for defendant the City of New York.

## OPINION

SWEET, District Judge.

Plaintiff Federal Savings and Loan Insurance Corporation ("FSLIC") has moved pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss all counterclaims, affirmative defenses and cross-claims asserted by the defendants 52 Park Associates ("Associates"), and various guarantors and lienors (collectively the "defendants") arising out of the relationship to the property at 52 Park Avenue in New York City (the "property") to reduce their liens to judgment. Further, FSLIC has moved pursuant to Federal Rule of Civil Procedure 56(e) for an order granting it summary judgment foreclosing its consolidated mortgage on the property upon the default of Associates. For the reasons set forth below, FSLIC's motion to dismiss is denied, but the motion for summary judgment is granted.

*The Parties*

FSLIC is an agency of the United States Government and was appointed as Receiver for First South, F.A. ("First South") in December 1986 by the Federal Home Loan Bank Board (the "Board") pursuant to 12 U.S.C. § 1464(d)(6)(A). First South is a federally chartered savings and loan association and the record holder of the consolidated mortgages FSLIC seeks to foreclose in this action.

Associates is a New York partnership and the owner in fee of the property encumbered by the consolidated mortgages which are the subject of this action.

Donald M. Flacks ("Flacks"), Arthur Fetterman ("Fetterman"), Edwin J. Glickman ("Glickman"), Bertram Lewis ("Lewis") are guarantors of the loan secured by the consolidated mortgages at issue.

All other defendants are parties that had mechanics' or other liens or encumbrances of record against the property.

*Prior Proceedings*

This action by FSLIC to foreclose on the First South mortgage was filed on August 1, 1988. Various counterclaims and affirmative defenses have been filed by defendants. FSLIC has moved to dismiss the counterclaims, affirmative defenses and cross-claims and for summary judgment. The motion to dismiss and the summary judgment motion were argued and considered fully submitted on December 9, 1988 and February 17, 1989, respectively. The facts are set forth in affidavits submitted and except as noted are not disputed.

*The Facts*

On December 4, 1986, the Board, acting pursuant to 12 U.S.C. § 1464(d)(6)(A), appointed FSLIC as receiver for First South.

From 1982 to 1986 Associates received three loans in connection with its development and construction of a luxury condominium project on the property. The first loan amounted to $1,600,000. In consideration for this loan, Associates made, executed and delivered a promissory note to the Mercantile Bank of Canada ("MBC") on January 13, 1982, promising to pay the note on demand, and interest and annualized fees on a monthly basis.

As security for the loan, Associates made, executed and delivered a first mortgage to MBC on the property on January 13, 1982. The 1982 mortgage was duly recorded and the mortgage recording tax was duly paid thereon. By instrument, on March 8, 1984, MBC assigned the 1982 mortgage and promissory note to First South. The assignment was duly recorded on March 8, 1984.

In 1984, First South made the second loan to Associates of up to $10,800,000 for construction on the property (the "Building Loan Agreement"). A portion of this loan was made solely for the purposes of improvements (the "building loan"). The affidavit to the building loan portion states:

> That the net sum available for improvements was $5,825,101 "less such amounts as may become due and payable for insurance premiums, interest on the Building Loan portion of the loan, taxes, assessments, water rents and sewer rents accruing during the making of the improvements."

(Exhibit E of Complaint). As consideration for a loan of $9,200,000, Associates made, executed and delivered to First South a promissory note of $9,200,000. As security for the loan, Associates executed and delivered to First South a second mortgage on April 6, 1984. The 1984 mortgage was duly recorded and the mortgage recording tax was duly paid thereon on April 17, 1984.

The 1982 and 1984 promissory notes and mortgages were consolidated, extended, amended and restated pursuant to a promissory note secured by mortgage and made, executed and delivered to First South by Associates in April 1984. This agreement was duly recorded on April 27, 1984. As assurance of payment of the consolidated mortgage, defendants Flaks, Fetterman, Glickman and Lewis executed and delivered to First South a guaranty dated April 6, 1984.

In January 1986, First South made the third loan to Associates of $1,520,000 in an amendment to the Building Loan Contract. As consideration for the loan, Associates delivered to First South a promissory note, whereby it promised to pay the note plus interest on demand. As security for the loan, Associates made a third mortgage. The mortgage was duly recorded and the mortgage recording tax was duly paid thereon on January 23, 1986.

This 1986 note was consolidated with the 1984 consolidated note, and the 1986 mortgage was consolidated, extended, spread, and modified pursuant to the terms of an agreement dated January 15, 1986. The 1986 consolidated mortgage was duly recorded on January 23, 1986. As assurance

for the payment of the consolidated mortgage and note of 1986, the guarantors executed and delivered to First South an amended guaranty dated January 15, 1986. The amendment was duly recorded on January 22, 1986.

Subsequently, the lienor defendants filed various mechanics liens and the City filed a tax lien against the property between the dates of July 31, 1986 and November 16, 1987.

Pursuant to the terms of the 1986 consolidated note, payment in full of principal, interest and charges was first due on April 6, 1986 but was extended to October 7, 1987. However, although FSLIC has given Associates notice of the default and demanded payment, Associates has failed to satisfy this obligation, and none of the guarantors have made payment. As of July 31, 1986, First South had advanced to Associates principal sums in the aggregate amount of $11,602,887.89. As of December 31, 1988, there was due and owing an unpaid principal indebtedness of $12,015,-075.15 plus accrued interest and charges which are now in excess of $3 million, with interest accruing under the consolidated note and consolidated mortgage at the rate of $3,620.98 per day.

*Standard for a Motion to Dismiss*

A court should dismiss a complaint for a failure to state a claim under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts supporting his claim that entitles him to relief. *See Dahlberg v. Becker,* 748 F.2d 85, 88 (2d Cir. 1984), *cert. denied,* 470 U.S. 1084, 105 S.Ct. 1845, 85 L.Ed.2d 144 (1985). In considering a 12(b)(6) motion to dismiss, a court must construe the complaint's allegations in the light most favorable to the plaintiff and accept these allegations as true. *See Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Dacey v. New York County Lawyers' Assoc.,* 423 F.2d 188, 191 (2d Cir.1969), *cert. denied,* 398 U.S. 929, 90 S.Ct. 1819, 26 L.Ed. 2d 92 (1970); 5 C. Wright & A. Miller *Federal Practice and Procedure* § 1363, at 656 (1969).

*Subject Matter Jurisdiction*

Relying on sections 1464(d)(6)(C) and 1729(b)(1)(A) and (B) of the United States Code, FSLIC attempts to dismiss the lienors' affirmative defenses, cross-claims and counterclaims for lack of subject matter jurisdiction. However, in the recent decision of *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp.,* — U.S. ——, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989) the United States Supreme Court held that FSLIC and the Board do not have exclusive power to adjudicate creditor's claims against insolvent savings and loan associations where FSLIC has been appointed as receiver. *Id.* at ——, 109 S.Ct. at 1374. FSLIC's motion to dismiss is denied.

FSLIC incorrectly asserts exclusive jurisdiction over the adjudication of claims against an association under FSLIC receivership within the meaning of 12 U.S.C. § 1464(d)(6)(C); 12 U.S.C. § 1729(b)(1)(A) and (B).

12 U.S.C. § 1464(d)(6)(C) provides:

Except as otherwise provided in this subsection, no court may take any action for or toward the removal of any conservator or receiver, or, except at the instance of the Board, restrain or affect the exercise of powers or functions of a conservator or receiver.

FSLIC's powers as a duly appointed receiver include the right to "approve any reasonably filed claim proved to its satisfaction" and to "wholly or partly disallow any claim of security, preference or priority not so proved." 12 CFR 549.5–1(b)(2). A duly appointed receiver has the power to "settle, compromise or release claims ... subject only to the regulation of the Federal Home Loan Bank Board." 12 U.S.C. § 1729(d) (1988). FSLIC also relied upon the Fifth Circuit's analysis of the congressional intent behind relegating such disputes to the administrative process:

In explaining the Bank Protection Act of 1968, which made § 1464(d)(6)(c) applicable in receiverships of state thrift institutions, the Senate confirmed that the FSLIC's authority "[i]n carrying out its receivership responsibilities ... would be

subject only to the regulation of the Federal Home Loan Bank Board ..." S.Rep. No. 1263, 90th Cong., 2d Sess. 10, *reprinted in* 1968 U.S.Code Cong. & Admin.News 2530, 2539. Congress wanted the FSLIC to be able to act quickly and decisively in reorganizing, operating, or dissolving a failed institution, and intended that the FSLIC's ability to accomplish these goals not be interfered with by other judicial or regulatory authorities. *North Mississippi Savings & Loan Ass'n. v. Hudspeth,* 756 F.2d 1096, 1101 (5th Cir. 1985), *cert. denied,* 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986).

However, the Supreme Court has explicitly rejected this interpretation of the statutes and held that the statutory power conferred upon FSLIC is not one of adjudication. *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp.,* —— U.S. ——, ——, 109 S.Ct. 1361, 1374, 103 L.Ed.2d 602 (1989). Instead the Court looked to the statutory framework of § 1729 to reason that where Congress intended FSLIC to have adjudicatory power, it granted that power expressly and detailed the relevant procedures with precision. *Id.* Here, Congress' failure to provide claimants with procedural and substantive rights or to provide for judicial review indicates that Congress did not intend FSLIC to have adjudicatory power as a receiver. *Id.* at ——, 109 S.Ct. at 1375–76.

Alternatively, FSLIC contended that an adjudication in court of defendant lienor's claims prior to the exhaustion of the administrative remedies would "restrain or affect" FSLIC's exercise of powers or functions as a receiver in violation of 12 U.S.C. § 1464(d)(6)(c). *See Lyons Savings and Loan Association v. Westside Bancorporation, Inc.,* 828 F.2d 387, 395 (7th Cir. 1987). The Fifth Circuit in *North Mississippi* defined a restraint on a receiver's powers or functions to include the delay of the distribution of assets which would result from the resolution of even the facial merits of claims outside of the statutory reorganization process. *North Mississippi Savings & Loan Association v. Hudspeth,* 756 F.2d at 1102. *See also Resna Associ-*

*ates, Ltd. v. Financial Equity Mortgage Corp.,* 673 F.Supp. 1371, 1378 (D.N.J.1987).

The Supreme Court has rejected FSLIC's second argument as well. *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp.,* —— U.S. ——, ——, 109 S.Ct. 1361, 1376, 103 L.Ed.2d 602 (1989). The Court interpreted the statute to protect FSLIC from "untimely challenges to the receiver's appointment or collateral attacks attempting to restrain the receiver from carrying out basic functions." *Id.* at ——, 109 S.Ct. at 1369. The Court then noted that FSLIC's argument was inconsistent with the common law rule that actions to establish the amount or existence of a claim against an insolvent debtor did not restrain or affect the receiver's powers to satisfy claims. *Morris v. Jones,* 329 U.S. 545, 549, 67 S.Ct. 451, 454–55, 91 L.Ed. 488 (1947); *Riehle v. Margolies,* 279 U.S. 218, 224, 49 S.Ct. 310, 312–13, 73 L.Ed. 669 (1929). In addition, the Court referred to the rule that "suits to establish the validity and amount of a claim against an insolvent national bank under a statutory receivership were not seen as interfering with the powers or functions of the receiver." *See Bank of Bethel v. Pahquioque Bank,* 81 U.S. (14 Wall) 383, 401–402, 20 L.Ed. 840 (1872). Under the holding in *Coit,* the lienors actions do not restrain FSLIC's receivership powers.

In addition, the Supreme Court found no merit in FSLIC's contention that the delay of FSLIC's distribution of assets resulting from judicial review of the lienors' claims would be a restraint on FSLIC's powers as a receiver. *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp.,* —— U.S. ——, ——, 109 S.Ct. 1361, 1370, 103 L.Ed.2d 602 (1989). The Court noted that FSLIC as receiver may have the power to avoid any delays as a result of postponing distribution and found that FSLIC has failed to show that the delay in awaiting federal jurisdiction of the claims is any more than the delay that may result from judicial review of FSLIC's administrative claims procedure. *Id.*

In short, FSLIC has failed to distinguish the holding in *Coit* which, therefore, controls the result here.

*Exhaustion of Administrative Remedies*

■ Alternatively, FSLIC argues that judicial review of FSLIC's statutory power to adjudicate claims requires an exhaustion of the administrative remedies. *York Bank & Trust Co. v. Federal Savings and Loan Insurance Corp.*, 851 F.2d 637, 638 (3d Cir.1988); *see also North Mississippi Savings & Loan Ass'n v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986); *Lyons Savings and Loan Association v. Westside Bancorporation, Inc.*, 828 F.2d 387 (7th Cir.1987); *Chupik v. Federal Savings and Loan Insurance Corp.*, 790 F.2d 1269 (5th Cir.1986). However, the Ninth Circuit has held otherwise, that although in some cases exhaustion of administrative remedies may be prudent, failure to do so will not deprive a district court of jurisdiction. *Morrison–Knudsen Co., Inc. v. CHG Int'l, Inc.*, 811 F.2d 1209 (9th Cir.1987).

The Supreme Court upheld the *Morrison* ruling stating that: "creditor's are not required to exhaust the current administrative claims procedure established by the Bank Board because it places no reasonable time limit on FSLIC's consideration of creditor's claims." *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp.*, — U.S. —, —, 109 S.Ct. 1361, 1376, 103 L.Ed.2d 602 (1989). For the reasons set forth below, the Court's decision in *Coit* requires denial of FSLIC's motion to dismiss based upon the lienors' failure to exhaust their administrative remedies.

The Supreme Court determined that the current Board procedures exceed its statutory authority and that administrative remedies need not be exhausted because "the regulations do not place a clear and reasonable time limit on FSLIC's consideration of whether to pay, settle, or disallow claims." *Coit*, —, 109 S.Ct. at 1377. This renders the administrative remedies inadequate for at least two reasons:

First, it allows FSLIC to delay the administrative processing of claims indefinite-

ly, denying a litigant its day in court, while the statute of limitations runs. Second, it may enable FSLIC to coerce claimants to enter into unfair settlements by virtue of the fact that the receiver's assets may be depleted by interim distributions to other claimants by the time a claimant finally has access to the courts. *Id.* at —, 109 S.Ct. at 1376.

In light of the Supreme Court's ruling in *Coit*, not distinguished by FSLIC, the lienors are entitled to judicial review of their claims de novo, and are not required to exhaust the administrative claims procedure that is set forth by the Board. FSLIC's motion to dismiss the lienor's counterclaims, affirmative defenses and cross claims is denied on the grounds that FSLIC has no statutory authority to adjudicate the lienors' claims against it as receiver.

Following the holding in *Coit*, the lienors' claims that adjudication of the claims against FSLIC under the Administrative Procedure Act would violate Article III of the Constitution and their due process challenge need not be reached because the lienors are entitled to de novo review of their claims. *Id.* at —, 109 S.Ct. at 1371.

*Standard for Summary Judgment*

■ Summary judgment is authorized if "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R. Civ.P. 56(c). Summary judgment is appropriate only in circumstances where "the evidence is such that a reasonable jury could not return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party bears the burden of proving that no genuine issue of material fact exists. *See id.* at 247–48, 106 S.Ct. at 2509–10; *Corselli v. Coughlin*, 842 F.2d 23 (2d Cir.1988). All doubts are resolved against the moving party, and all favorable inferences are drawn in favor of the party against whom summary judgment is sought. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59, 90 S.Ct. 1598, 1608–09, 26 L.Ed.2d 142 (1970); *Eastway Constr. Corp. v. City*

*of New York*, 762 F.2d 243, 249 (2d Cir. 1985), *cert. denied*, — U.S. —, 108 S.Ct. 269, 98 L.Ed.2d 226 (1987); 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (1983). The Supreme Court recently has made clear that "at the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

FSLIC's motion for summary judgment is granted because defendant lienors and guarantors have failed to present a material issue of fact.

Relying on Rule 56(f) of the Federal Rules of Civil Procedure, defendant Blitman argues that FSLIC has within its control material facts which can defeat summary judgment and that discovery is necessary to determine these facts. This argument fails because even if discovery is allowed, no material issue of fact will be presented.

The Second Circuit has held that to deny summary judgment under Rule 56(f), a party must establish the nature of the incomplete discovery and that the facts sought to be discovered are reasonably expected to create genuine issues of material fact. *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919 (2d Cir.1985); *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438 (2d Cir. 1980).

The only issue raised is whether, contrary to N.Y. Lien Law § 22 requirements, the recorded "net sum available" to Associates was an intentional material misstatement of the amount available for the loan. N.Y. Lien Law § 22 (McKinney 1966). Such a violation could affect FSLIC's priority against the mortgage. *See e.g., Nanuet National Bank v. Eckerson Terrace, Inc.*, 47 N.Y.2d 243, 417 N.Y.S.2d 901, 904, 391 N.E.2d 983, 986 (1979); *HNC Realty Co. v. Golau Heights Developers, Inc.*, 79 Misc.2d 696, 360 N.Y.S.2d 954 (Sup.Ct. Rockland Co. 1974). According to Blitman, the amount available to Associates was in-

deed less than represented in the Building Loan Agreement, and therefore a material misstatement was made in violation of N.Y. Lien Law § 22.

However, the discrepancy of $304,925 presented between the net sum available as stated in the Building Loan Agreement and the actual amount of that loan does not create a material issue of fact as to the amount available. The Lewis affidavit verifies that the net sum available was $5,825,- 101. *See* Lewis Aff. at ¶ 4. Adding this to the amounts of the other loans provides an aggregate sum of $12,320,000 which was made available to Associates by First South. FSLIC, in its complaint and papers states that not all of this sum was disbursed and that instead the total sum loaned was $12,015,075, *see* Stanley Aff. at ¶ 7, and it is this amount which FSLIC seeks in payment of the principal.

Although Blitman submits an affidavit in opposition to the summary judgment motion questioning the veracity of the net sum available in the Building Loan Agreement, that affidavit does not set forth any material facts to be challenged. *See* Katz aff. at ¶ 8. The Katz affidavit therefore is not sufficient to create a disputable fact issue as to FSLIC's representation of the net sum available for the loan.

Similarly, the guarantors cannot defeat FSLIC's summary judgment by making conclusory allegations of usury or joint venture unsupported by specific facts. *See Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980); *Union State Bank v. Weaver*, 526 F.Supp. 29, 31 (S.D.N.Y.1981). The guarantors present no evidence of a material fact in dispute which would if established constitute the basis of a defense of usury or joint venture.

Blitman also contends that the filing of the 1986 amended loan contract did not comply with § 22 of N.Y. Lien Law because the filing date mentioned in the complaint is more than ten days after the execution of the amendment. However, FSLIC's papers explain this as a typographical error and that the correct date of filing as noted on the amendment itself is

properly within the ten day requirement of § 22 of N.Y. Lien Law. *See Prudential Insurance Co. v. S.S. American Lancer,* 870 F.2d 867 (2d Cir.1989).

FSLIC is entitled to summary judgment because no material facts have been set forth to challenge FSLIC's statement of the facts.

*Conclusion*

For the reasons set forth above, the FSLIC motion to dismiss all affirmative defenses, counterclaims and cross claims is denied. Its motion for summary judgment is granted.

Submit judgment on notice.

It is so ordered.