NATIONAL BANK OF COMMERCE OF PINE BLUFF
*v.* HART COTTON COMPANY, INC., C. E. HART,
Marjorie C. HART, and SIMMONS FIRST NATIONAL
BANK OF PINE BLUFF

80-224                                             617 S.W. 2d 343

Supreme Court of Arkansas
Opinion delivered June 1, 1981
[Rehearing denied July 13, 1981.]

*Bridges, Young, Matthews, Holmes & Drake*, for appellant.

*Brockman & Brockman*, and *Coleman, Gantt, Ramsay & Clark*, for appellees.

JEFFERY PENCE, Special Justice. National Bank of Commerce of Pine Bluff, hereinafter referred to as NBC, brought this action seeking a Declaratory Judgment as to its liability, if any, to Simmons First National Bank of Pine Bluff, hereinafter referred to as Simmons, and the liability, if any, of Marjorie C. Hart, hereinafter referred to as Mrs. Hart, to NBC.

The facts in this case are not in dispute. Mrs. Hart and her husband, C. E. Hart, hereinafter referred to as Mr. Hart, deposited $10,000 into a joint savings account at NBC on March 15, 1972, and both signed signature cards establishing the savings account contract. On October 1, 1974, Mr. Hart executed a collateral assignment or pledge of the account to Simmons. This assignment was "as security for any debt executed by Hart Cotton Company, Inc." This document was prepared by Simmons and acknowledged by NBC, and NBC stated in writing that the assignment had been properly noted on NBC's records. Mrs. Hart, on three separate occasions in November and December, 1978, withdrew all funds from the account.

NBC through an admitted mistake allowed Mrs. Hart to withdraw the funds, even though NBC's computer showed a "hold" on the account. NBC could not at the time of the withdrawals discover the reason for the "hold" on the account, and did not find the collateral assignment (which was in NBC's vault) until Simmons on June 19, 1979 made written demand upon NBC for payment under the terms of the collateral assignment.

At the trial of this cause, Mr. or Mrs. Hart did not testify.

The issue to be decided by this Court is whether NBC, due to NBC's admitted mistake in allowing the funds to be withdrawn, is entitled to a setoff against Mrs. Hart's funds which are currently on deposit at NBC.

The Chancellor ruled that Simmons was entitled to Judgment against NBC pursuant to the collateral assignment, and that NBC has no setoff or claim on funds belonging to Mrs. Hart now on deposit at NBC.

Ark. Stat. Ann. § 67-552 (d) sets forth the rights of Mr. and Mrs. Hart to their joint savings account and states as follows:

> "If an account is opened or a certificate of deposit is purchased in the name of two (2) or more persons, whether as joint tenants, tenants by the entirety, tenants in common, or otherwise, a banking institution shall pay withdrawal requests, accept pledges of the same and otherwise deal in any manner with the account or certificate of deposit upon the direction of any one (1) of the persons named therein whether the other persons named in said account or certificate of deposit be living or not; unless one (1) of such persons named therein shall by written instructions delivered to the banking institution designate that the signature of more than one (1) person shall be required to deal with such account or certificate of depost [deposit]."

Clearly NBC is bound to Simmons by virtue of the collateral assignment and by the provisions of the statute. Mr. and Mrs. Hart are bound by the statute, the joint savings

account contract with NBC, and by the collateral assignment of the account executed by Mr. Hart.

NBC is relying upon Section 67-552 (d) for its protection in accepting pledges of a joint account and we think rightfully so.

The Chancellor points out that this Court in *Wood* v. *Wright*, 238 Ark. 941 (1965) stated in discussing the nature of the entirety property that "neither spouse owns an individed one-half interest in any entirety property and that the entire entirety estate is vested and held in each spouse." When Mr. Hart executed the collateral assignment of the joint savings account pursuant to Section 67-552 (d), Mr. *or* Mrs. Hart no longer had any right as a matter of law to withdraw funds from the account unless a release was first obtained from Simmons.

Upon Mrs. Hart wrongfully being allowed to withdraw the funds due to the admitted mistake of NBC, an indebtedness from Mrs. Hart to NBC was created. As Mrs. Hart, subsequent to the withdrawals, had purchased a certificate of deposit from NBC, a mutuality of indebtedness came into existence, and as there were no restrictions on the certificate of deposit, the essential elements for a setoff were established to allow a setoff by NBC.

The Chancellor ruled as to the constitutionality of Section 67-552 (d) and the Court has carefully considered this issue and the remaining issues and found them to be without merit.

To find that NBC should be monetarily penalized for its admitted honest mistake and allow Mrs. Hart to gain from such mistake would be misplacing the equities and not doing justice.

We therefore affirm as to judgment in favor of Appellee, Simmons, against Appellant, NBC, and reverse as to the Chancellor's denial of relief by way of setoff sought by Appellant, NBC, against Appellee, Marjorie C. Hart.

FRANK HOLT, Justice, not participating.