James E. WOMBLE, et al., Appellants,

v.

J.R. DIXON, III, et al., Appellees.

No. 83–2201.

United States Court of Appeals,
Fourth Circuit.

Argued June 6, 1984.

Decided Oct. 29, 1984.

I. Walton Bader, New York City (Bader & Bader, New York City, Hugh A. West and Hugh A. West, Inc., Suffolk, Va., on brief), for appellants.

Hunter W. Sims, Jr., Norfolk, Va. (Charles R. Waters, II, Stephen E. Story, Kaufman & Canoles, Norfolk, Va., Larry H. Berkow, Paul W. Grace, Washington, D.C., Robert M. Hughes, Seawell, Dalton, Hughes & Timms, Norfolk, Va., R. Gordon Smith, James L. Sanderlin, John G. Douglass, McGuire, Woods & Battle, Richmond, Va., Jerrold G. Weinberg, Edward S. Stein, Weinberg & Stein, John B. King, Jr., Braden Vendeventer, Jr., Vandeventer, Black, Meredith & Martin, Norfolk, Va., Lester M. Bridgeman, Louis T. Urbanczyk, Washington, D.C., George P. Brugger, Fossett & Brugger, Seabrook, Md., Robert C. Nusbaum, Linda S. Laibstain, Hofheimer, Nusbaum, McPhaul & Brenner, Norfolk, Va., Charles F. Witthoefft, Everette G. Allen, Jr., Hirschler, Fleischer, Weinberg, Cox & Allen, Richmond, Va., Joseph L. Lyle, Jr., Pickett, Lyle, Siegel, Drescher & Croshaw, Virginia Beach, Va., William D. Bayliss, Browder, Russell, Morris & Butcher, Richmond, Va., J. Lewis Rawls, Jr., Rawls, Habel & Rawls, Suffolk, Va., on brief), for appellees.

Before RUSSELL and HALL, Circuit Judges, and BUTZNER, Senior Circuit Judge.

BUTZNER, Senior Circuit Judge:

James E. Womble and other shareholders of the First Savings and Loan Association of Suffolk appeal the order dismissing their derivative action against the association's officers and directors, several other persons and a corporation who are alleged to have conspired with the officers and directors, the Federal Savings and Loan Insurance Corporation (FSLIC), and the Federal Home Loan Bank Board (FHLBB). 585 F.Supp. 728. We affirm the judgment with but one slight modification.

I

When Virginia officials closed First Savings because of insolvency, the FHLBB appointed the FSLIC as receiver pursuant to 12 U.S.C. § 1729(c)(1). The FSLIC, in its corporate capacity, acquired all claims against First Savings's officers, directors, controlling persons, and shareholders.

After the parties engaged in preliminary skirmishing which is not dispositive of this appeal, the FSLIC, acting in its corporate capacity, brought suit against the association's directors and officers alleged to be responsible for its insolvency. The shareholders then amended their complaint to bring a derivative action against the persons who are named in the FSLIC suit and several others who are not defendants in that suit. The amended complaint, alleging a conflict of interest, also seeks removal of the FSLIC as receiver and permission to hold a special stockholders meeting to elect new officers and directors to prosecute claims against all persons who caused First Savings to become insolvent.

II

■ The shareholders' amended complaint to remove the FSLIC as receiver, which was filed six months after the FSLIC was appointed, is barred by the 30-day limitation of 12 U.S.C. § 1464(d)(6)(A).

■ Also, we cannot accept the shareholders' argument that the FSLIC's status as receiver and creditor bars it from suing the persons responsible for First Saving's failure. As the district court correctly pointed out, pertinent statutes and regulations contemplate that the FSLIC should function in this dual role. *See* 12 U.S.C. § 1729(d) and 12 C.F.R. § 569a.7 (1984); *cf. Landy v. FDIC*, 486 F.2d 139, 149 (3d Cir. 1973). The only basis for a conflict alleged by the shareholders is the insufficiency of insurance and the assets of the directors and officers to reimburse creditors and shareholders for the loss they have suffered. Quite properly, the district court held that these allegations, if accepted as true, do not demonstrate that the FSLIC will not carry out its statutory duties. Furthermore, the FSLIC's transfer of accounts to another savings and loan association has not terminated the agency's statutory responsibilities to collect, if possible, compensation from all persons who unlawfully caused First Savings's insolvency.

### III

The district court did not err by denying the shareholders' motion to amend their complaint to sue directly the officers, directors, and other persons alleged to have caused the failure of First Savings. Virginia law does not accord a shareholder standing to sue in his own right for compensatory damages caused by injury to a corporation. *Keepe v. Shell Oil Co.*, 220 Va. 587, 591, 260 S.E.2d 722, 724 (1979). The shareholders' remedy is to institute a derivative suit for the benefit of the corporation if the receiver unreasonably fails to do so.

The district court properly dismissed the shareholders' derivative claims against the officers and directors whom the FSLIC is suing. Claims against the officers and directors for harm to the corporation are vested in the receiver, who is asserting them on behalf of the corporation. Consequently, the shareholders are preempted. *See* Fed.R.Civ.P. 23.1.

The shareholders contend that in any event they can maintain their derivative action against the following persons and a corporation whom the FSLIC has not sued: Irvin A. Garner, Lykes M. Boykin, Stephen P. Kisska, D. Bart Frye, and Diamond Farms Associates, Inc. The district court dismissed the shareholders' derivative action against these defendants without prejudice. It noted that the shareholders had made no demand on the FSLIC with respect to these defendants, except Garner.

In the meantime, the FSLIC has brought suit against Garner. We take judicial notice of this action and affirm dismissal of the shareholders' claim against him for the same reason that we affirmed dismissal of others whom the FSLIC has sued.

Although the shareholders made no demand for the FSLIC to sue Boykin, Kisska, Frye, and Diamond Farms, Inc., the FSLIC alleges that it has acquired all of First Savings's claims against the individuals, it has not abandoned the claims, and it is evaluating them. It also alleges that it has gained control of the assets and stock of Diamond Farms, Inc., and that, consequently, no advantage would result from suing it.

Contrary to the district court, we believe the absence of demand is not fatal to the shareholders' suit. Rule 23.1, by its terms, does not make demand a necessary predicate to every derivative suit. *Meltzer v. Atlantic Research Corp.*, 330 F.2d 946 (4th Cir.1964); 7A Wright and Miller, Federal Procedure § 1831. In view of the notice FSLIC has about the detailed charges of wrongdoing against the persons and corporation whom the shareholders identify, the action that the FSLIC has already taken to acquire First Savings's claims against the individuals, and its acquisition of control of Diamond Farms, Inc., we conclude that formal demand for the FSLIC to proceed against the alleged wrongdoers would accomplish no useful purpose. *See Landy v. FDIC*, 486 F.2d 139, 152 (3d Cir.1973).

The district court recognized the possibility of injustice that might arise from dismissal of the shareholders' suit for lack of demand. It dismissed without prejudice to reinstatement of the suit after demand, and it undertook to toll the statute of limitations to protect the rights of the shareholders. Dismissal, under even these ameliorating conditions, needlessly complicates this litigation and adds to its expense. Indeed, dismissal without prejudice may in the end prove unavailing to accomplish the district court's intention to foreclose a defense based on the statute of limitations.

Accordingly, we vacate the order of dismissal of Boykin, Kisska, Frye, Diamond Farms, Inc., and the FSLIC and remand the case for further proceedings. Initially, the district court should determine whether suit against Diamond Farms, Inc., is now unnecessary, as the FSLIC asserts, and whether the FSLIC has sued Boykin, Kisska, and Frye. If the answers to these inquiries are yes, the district court may dismiss the shareholders' suit.

If the answers to the inquiries are no, the district court should determine whether the FSLIC was justified in declining to

press First Savings's claims against the three individuals and the corporation. *See Landy v. FDIC*, 486 F.2d 139, 152 (3d Cir. 1973); 7A Wright and Miller, Federal Practice § 1831 (1984 Supp.); Comment, The Demand and Standing Requirements in Stockholder Derivative Actions, 44 U.Chi.L. Rev. 168, 191–200 (1976). The answer to this inquiry will determine whether the shareholders' suit should proceed or be dismissed.

The judgment of the district court is affirmed in part, vacated in part, and the case is remanded for further proceedings consistent with this opinion. Each party shall bear its own costs.