In re COLLINS SECURITIES
CORPORATION.

Harvey L. BELL, Trustee for the Liqui-
dation of the Business of Collins Secu-
rities Corporation, Appellant/Plaintiff,

v.

FEDERAL DEPOSIT INSURANCE COR-
PORATION as Successor to Federal
Savings and Loan Insurance Corpora-
tion as Receiver for FirstSouth Federal
Savings and Loan Association; Federal
Deposit Insurance Corporation as Suc-
cessor to Federal Savings and Loan In-
surance Corporation; Insurance Divi-
sion, Appellees/Defendants.

No. LR–C–92–267.
Bankruptcy No. 85–448 S.

United States District Court,
E.D. Arkansas, W.D.

June 26, 1992.

Harvey Bell, trustee.

William Owen, Little Rock, Ark., for trustee.

Barbara Webb, Charles Cope, Z. Scott Birdwell, Washington, D.C., for appellees/defendants.

### ORDER

STEPHEN M. REASONER, Chief Judge.

The Court has received proposed Report and Recommendation for entry of Summary Judgment pursuant to 28 U.S.C. § 157(c)(1) from United States Bankruptcy Judge Mary Davies Scott. After careful review of that Report and Recommendation, and the timely objections received thereto, the Court concludes that the Report and Recommendation should be, and hereby is, approved and adopted in its entirety as this Court's findings in all respects. Therefore, the Motion to Dismiss and/or for Summary Judgment, filed on May 7, 1991, by the Federal Deposit Insurance Corporation (Receiver) is hereby granted and the cause dismissed as to the FDIC/Receiver; the Motion for Summary Judgment as to defendant FDIC/Corporate, filed by the trustee on May 7, 1991, is hereby denied; Federal Deposit Insurance Corporation's (Corporate) Motion to Dismiss or, in the Alternative, for Summary Judgment, filed on May 7, 1991 is granted

and the cause dismissed as to Count I, and Summary Judgment is entered in favor of FDIC/Corporate as to Count II. Judgment will be entered accordingly.

IT IS SO ORDERED.

REPORT TO THE U.S. DISTRICT COURT AND RECOMMENDATION FOR ENTRY OF SUMMARY JUDGMENT PURSUANT TO 28 U.S.C. § 157(c)(1)

Filed March 4, 1992.

MARY DAVIES SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon three motions for summary judgment and alternative motions to dismiss filed by the parties. On April 29, 1991, the defendant Federal Deposit Insurance Corporation in its corporate capacity[1] filed a motion in district court for withdrawal of reference of this adversary proceeding. On January 23, 1992, the United States District Court for the Eastern District of Arkansas denied the motion as untimely. The following motions are now before the Bankruptcy Court:

1. Motion to Dismiss and/or for Summary Judgment, filed on May 7, 1991, by the Federal Deposit Insurance Corporation (Receiver).

2. Motion for Summary Judgment as to Defendant FDIC/Corporate, filed by the trustee on May 7, 1991.

3. Federal Deposit Insurance Corporation's (Corporate) Motion to Dismiss or, in the Alternative, for Summary Judgment, filed on May 7, 1991.

## I. BACKGROUND AND STIPULATIONS

The complaint seeks recovery on two grounds. First, the trustee seeks to hold either the FDIC/Corporate or FDIC/Receiver liable for the purported tortious acts by FirstSouth. Secondly, in Count II, the trustee seeks to hold either defendant liable on a federal deposit insurance claim.

The complaint alleges that employees of FirstSouth wrongfully paid the account to an improper party. On the basis of these allegations, the trustee asserts that the FDIC should be responsible for reimbursing the trustee for the insured value of $100,000.

■ At the outset, it is important to distinguish between the causes of action asserted by the trustee and in which capacity the Federal Deposit Insurance Corporation may be sued. The trustee asserts liability on both counts against the FDIC in both capacities. These assertions are not supported by the law. The FDIC exists by statute in two capacities: as an insurer and as receiver for defunct financial institutions. *See generally* part II(C), *infra.* As an insurer, the FDIC is liable on insurance claims for deposits which meet the statutory and regulatory criteria. Accordingly, FDIC/Corporate is the only proper party under Count II of the complaint. *See generally* part II(D)(3), *infra.* As receiver, the FDIC liquidates the assets of defunct institutions and pays claims against the institution from those assets. Count I which has as its basis, a claim of tort against the insolvent institution, can only be asserted against the FDIC in its receivership capacity. *See generally* part II(D)(2), *infra.* The refusal of the trustee to make these well-settled distinctions causes confusion in his argument, and thereby error in his analysis.

In order to resolve the numerous motions, particularly the Motions for Summary Judgment the Court looks primarily to the stipulated facts filed by the parties. These have been signed by the parties and constitute uncontested facts. The stipulations are set forth in full:

"1. Harvey L. Bell is the duly appointed Trustee for the liquidation of the business of Collins Securities Corporation ("Estate"). Collins Securities Corporation ("CSC") was at all times relevant to this

---

1. The Federal Deposit Insurance Corporation in its capacity as successor to Federal Savings and Loan Insurance Corporation (FSLIC) as the Receiver for FirstSouth Federal Savings and Loan Association will be referred to in this opinion as the "FDIC/Receiver." The Federal Deposit Insurance Corporation operating in its corporate capacity will be referred to as "FDIC/Corporate." The plaintiff will be referred to as either the "plaintiff" or "trustee."

cause of action a corporation organized and existing under the laws of the State of Arkansas with its principal place of business located in Little Rock, Pulaski County, Arkansas.

"2. Collins Investment Corporation ("CIC") was at all times relevant to this cause of action, the parent corporation of CSC and was organized under the laws of the State of Arkansas with its principal place of business located in Little Rock, Pulaski County, Arkansas. CIC is a defunct corporation.

"3. FirstSouth Federal Savings and Loan Association ("FirstSouth") is and was at all time relevant to this cause of action a corporation organized and existing under the laws of the United States of America as a savings and loan institution with its principal office located in Pine Bluff, Jefferson County, Arkansas, and a branch office located in Little Rock, Pulaski County, Arkansas. FirstSouth was closed by the Federal Home Loan Bank Board on December 4, 1986, and the Federal Savings and Loan Insurance Corporation ("FSLIC") was appointed Receiver for FirstSouth. FSLIC was abolished by the Financial Institution Reform, Recovery and Enforcement Act of 1989. Publ.L. No. 101–73, 103 Stat. 183, 1485 (1989) ("FIRREA"). FIRREA further provided for FDIC to assume all rights, duties and obligations of FSLIC as they existed on the day prior to the abolishment of FSLIC.

"4. On September 2, 1987, the Estate filed claims with FSLIC as Receiver for FirstSouth and FSLIC as Insurer of the accounts of FirstSouth. The Estate filed claims as a general creditor, secured creditor and holder of an insured account.

"5. On January 29, 1985, Kar–Mal Venture Capital ("Kar–Mal") opened a Certificate of Deposit Account (the "Account") with FirstSouth, Account No. 1–14–20002584 in the amount of $100,000.00, as evidenced by FirstSouth's Certificate of Deposit Number 3727.

"6. On February 29, 1985, the Account maturity date was extended, as evidenced by FirstSouth's Certificate of Deposit number 2836.

"7. On April 8, 1985, FirstSouth wired the proceeds of the Account to the personal account of Tom Karham in Las Vegas, Nevada.

"8. FirstSouth was closed by the Federal Home Loan Bank Board on December 4, 1986, and the Federal Savings and Loan Insurance Corporation was appointed Receiver for FirstSouth (the "Receiver.")

"9.[2]

"10. In November of 1986, Harvey L. Bell, Trustee filed AP 86–605 in this proceeding [85–448S (SIPA)], asserting a claim for money damages against FirstSouth for breach of contract and negligence.

"11. FSLIC as Receiver for FirstSouth, F.A., filed a Motion to Dismiss for failure to exhaust administrative remedy and for other jurisdictional reasons.

"12. On April 21, 1987, AP 86–605 was dismissed without prejudice.

"13. On March 23, 1989, the Insurance Division of FSLIC denied the aforesaid claim by the Plaintiff as the holder of an insured account.

"14. On June 29, 1989, FSLIC as Receiver for FirstSouth, F.A. denied the aforesaid secured creditor claim and admitted the general creditor claim. The Plaintiff is not seeking an appeal or judicial review of the denial of a secured claim by the Receiver.

"15. On September 28, 1989, the Federal Deposit Insurance Corporation, Division of FSLIC Operations ("FDIC") denied the Trustee's request for reconsideration of the FSLIC's (Insurance Division) determination that the Estate was not the holder of an insured account.

"16. On July 28, 1989, defendant, FDIC as Receiver for First South, F.A., delivered check number 13077 in the amount of $2,822.20, and on December 8, 1989, the

---

**2.** This paragraph, the subject of the trustee's motion to modify the stipulation, has been excluded because the parties do not agree on the wording of the paragraph. A separate order has been entered granting with modifications the trustee's motion to modify.

FDIC as Receiver for First South F.A., delivered check number 16167 in the amount of $4,685.50 to Trustee in partial satisfaction of the allowed unsecured claim.

"17. FSLIC (FDIC), Insurer, did insure the accounts of depositors with FirstSouth in place on the date of shutdown as defined in the applicable statutes and regulations to the extent of $100,000.00.

"18. 12 C.F.R. § 564.1(a) and (b) states: (a) General. In the event of a default by an insured institution, the Corporation will promptly determine, from the account contracts and the books and records of the institution, or otherwise, the insured members thereof and the amount of the insured account or accounts of each such member ...

(b) Amount of the insured account. The amount of an insured account is the amount which the insured member would have been entitled to withdraw as of the date of default ... (Emphasis added). [sic]

"19. The books and records of First-South reflect that the funds in Account No. 1–14–20002584 were withdrawn on April 8, 1985."

## II. THE DISPOSITIVE MOTIONS

Three dispositive motions are before the court. Each party, the trustee, the FDIC/Receiver, and the FDIC/Corporate have filed motions for summary judgment. The motions by the FDIC entities are framed as alternate motions to dismiss.

The trustee has not filed a motion for summary judgment with respect to the FDIC/Receiver, but has filed a motion with respect to the FDIC/Corporate.[3] The trustee asserts that since a conversion occurred by employees of FirstSouth, the FDIC must pay on the insurance claim. Conversely, the trustee asserts that he is not seeking to account for the conversion, but merely to assure his status as a depositor.

The FDIC/Receiver moves for dismissal or summary judgment on the grounds that

the FSLIC, acting as receiver, granted an unsecured claim and denied the trustee a secured claim on June 29, 1989, with respect to which determination, the trustee has not appealed. On September 28, 1989, the FDIC denied the trustee's request for reconsideration. The trustee did not seek judicial review of this ruling. As to Count II, the FDIC/Receiver asserts, essentially, that it is not suable on the insurance claim. Count II does not allege any facts regarding the receivership functions of the FDIC.

The FDIC/Corporate moves for dismissal and summary judgment. With respect to Count I, FDIC/Corporate argues that it cannot be held liable in a receivership capacity—it is merely an insurer of deposits. With respect to Count II, the issues are slightly more complex. The dispute revolves first around the standard of review to be applied. The trustee asserts that this Court is to conduct a *de novo* hearing, while the FDIC/Corporate asserts that the question, based on the administrative record, is whether the agency abused it discretion. The second issue is the substantive one: whether the trustee is a "depositor," *i.e.*, whether there existed an insured account under title 12 that was property of the estate. Or, couched in terms of the appropriate standard of review, the question is whether the FSLIC's decision to rely upon the books and records of FirstSouth in its determination of whether the claimant was a "depositor" or held an insured account, was arbitrary and capricious.

### A. *The Procedural Standards*

In deciding a Motion to Dismiss, the Court must take all of the allegations of the complaint as true. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A cause should not be dismissed "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). Dismissal is proper when a complaint clearly shows a plaintiff cannot re-

---

**3.** This is somewhat unclear in light of the fact that the trustee did file a motion with respect to

the FDIC/Corporate, but contends that "there is only one FDIC." *See* Part II(D), *infra*.

cover under any circumstances. *Bramlet v. Wilson*, 495 F.2d 714 (8th Cir.1974).

Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company*, 849 F.2d 1269, 1273 (10th Cir.1988). Summary judgment is appropriate when a court can conclude that no reasonable juror could find for the non-moving party on the basis of the evidence presented in the motion and response. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). As the Supreme Court has made clear, "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.' " *Celotex*, 477 U.S. at 327, 106 S.Ct. at 2555.

After the movant has made a properly supported summary judgment motion, "the nonmovant [has] the burden of setting forth specific facts showing the existence of a genuine issue of fact for trial." *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. The nonmovant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511.

Accordingly, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. This apportionment is important for purposes of a motion for summary judgment: when the moving party does not have the burden of proof on the issue, he need show only that the opponent cannot sustain his burden at trial. *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir.1986). Of course, the trial judge must accept as true the nonmovant's evidence, must draw all legitimate inferences in the nonmovant's favor, and must not weigh the evidence on the credibility of witnesses. *Windon Third Oil and Gas v. Federal Deposit Insurance Corporation*, 805 F.2d 342, 346 (10th Cir. 1986).

It is noteworthy that nearly every decision addressing issues similar to those presented here was decided upon either a motion to dismiss or summary judgment. *See, e.g., Hymel v. Federal Deposit Insurance Corporation*, 925 F.2d 881 (5th Cir. 1991) (summary judgment); *Federal Deposit Insurance Corporation v. Condit*, 861 F.2d 853 (5th Cir.1988) (dismissing counterclaims against the FDIC); *Trigo v. Federal Deposit Insurance Corporation*, 847 F.2d 1499 (11th Cir.1988) (summary judgment); *Womble v. Dixon*, 752 F.2d 80 (4th Cir.1984) (dismissal); *Federal Deposit Insurance Corporation v. Ashley*, 585 F.2d 157 (6th Cir.1978) (dismissal); *Federal Savings and Loan Insurance Corporation v. Locke*, 718 F.Supp. 573 (W.D.Tex. 1989) (at inception of jury trial, the court treated FDIC motions in limine as motions to dismiss as to some issues; granted pending motions for summary judgment on others). This includes the case upon which the plaintiff relies, *Abdulla Fouad & Sons v. Federal Deposit Insurance Corporation*, 898 F.2d 482 (5th Cir.1990) (affirming grant of summary judgment in favor of the FDIC). Of the few cases not decided on summary judgment, the courts, after trial, ruled on the issues primarily as a matter of law. *See, e.g., Riley v. Federal Deposit Insurance Corporation*, Case No. CA6–89–0045–W, slip op. (N.D.Tex. Mar. 28, 1990), *aff'd*, 923 F.2d 852 (5th Cir.), *cert. denied*, — U.S. ——, 112 S.Ct. 94, 116 L.Ed.2d 65 (1991) (court ruled in favor of the FDIC on the basis that the FDIC is entitled to rely upon the records of the banking institution); *Federal Deposit Insurance Corporation v. Cuvrell (In re F & T Contractors, Inc.)*, 718 F.2d 171, 180 (6th Cir.1983) (appellate court reversed trial

court finding against the FDIC as a matter of law). The Court has considered not only the cases cited by the parties, but has reviewed and analyzed the law in this area and notes that summary judgment on the specific issues presented to this Court appear to be routinely granted. Further, each of the parties have filed motions asserting that no genuine issue of material fact exists. Based upon the standards to be applied by this Court, upon the stipulated facts, the motions, and upon the applicable law in this specific case, dismissal and summary judgment are merited.

### B. *Review of Agency Action*

■ The appropriate standard of review of the final FSLIC deposit insurance determination is found in the Administrative Procedure Act (APA), 5 U.S.C. §§ 701 to 706. *Baskes v. Federal Savings and Loan Insurance Corporation,* 649 F.Supp. 1358, 1361 (N.D.Ill.1986). Section 706 authorizes courts to set aside agency decisions only when they are "(1) unconstitutional, (2) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law, (3) not authorized by statute, (4) violative of established procedure, or (5) unsupported by substantial evidence." *Baskes,* 649 F.Supp. at 1361. Thus, under the APA, the Court must review the administrative record compiled by the agency, and must affirm the agency's action unless it finds that the agency acted arbitrarily and capriciously, abused its discretion, or acted otherwise not in accordance with the law. *First National Bank of Fayetteville v. Smith,* 508 F.2d 1371 (8th Cir.1974); *York Bank & Trust Co. v. Federal Savings & Loan Insurance Corporation,* 851 F.2d 637, 639–41 (3d Cir.1988).

The scope of review under this standard is narrow and a court is forbidden from substituting its judgment for that of the agency. *Motor Vehicle Manufacturers Association v. State Farm Mutual Automobile Insurance Co.,* 463 U.S. 29, 43, 103 S.Ct. 2856, 2866–67, 77 L.Ed.2d 443 (1983). Review by the Court is based solely upon

the applicable law and the administrative record. *Atlantic Refining Co. v. Federal Trade Commission,* 381 U.S. 357, 85 S.Ct. 1498, 14 L.Ed.2d 443 (1965). The Court is not permitted to hold a *de novo* hearing, but restricts its inquiry to the evidence presented at the administrative hearing. *Camp v. Pitts,* 411 U.S. 138, 141–42, 93 S.Ct. 1241, 1243–44, 36 L.Ed.2d 106 (1973). The plaintiff bears the burden of proof and persuasion that the agency's determination is arbitrary and capricious. *First National Bank of Fayetteville v. Smith,* 508 F.2d 1371, 1371 (8th Cir.1974) ("To have the administrative action set aside as arbitrary and capricious, the party challenging the action must prove that it was 'willful and unreasoning action, without consideration and in disregard of the facts or circumstances of the case.' "); *Mississippi Hospital Association, Inc. v. Heckler,* 701 F.2d 511, 516 (5th Cir.1983); *Baskes,* 649 F.Supp. at 1362.

One issue in this case is the application of the agency's regulations. The plaintiff's burden "increases when the question concerns an agency's interpretation of its own regulations. Unless the agency's interpretation is clearly erroneous, courts are required to give it considerable deference. *Ford Motor Credit Co. v. Milhollin,* 444 U.S. 555, 568, 100 S.Ct. 790, 798, 63 L.Ed.2d 22 (1980)." *Baskes,* 649 F.Supp. at 1362. *See id.* at 1363.

■ The Trustee asserts that this Court should not consider the applicability of the APA inasmuch as the FDIC did not plead the statute in its answer. The Federal Rules of Civil Procedure require that an Answer "shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies." Fed.R.Civ.P. 8(b).[4] Rule 8(e)(1) further requires that "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." While the Rules require that pleadings provide fair notice of

---

**4.** The Federal Rules of Civil Procedure cited in this opinion are made applicable by Part VII of the Federal Rules of Bankruptcy Procedure.

the facts asserted, there is no requirement that a party plead the applicable *law*. *See Gold Washing and Water Co. v. Keyes*, 96 U.S. (6 Otto) 199, 24 L.Ed. 656 (1878). The Court is to decide the facts and make conclusions of law. It is presumed that counsel for the parties have researched the relevant law and have determined what statutes and cases may be applicable. *See* Fed.R.Civ.P. 11.

## C. *FDIC FUNCTIONS*

█ The FDIC has two statutory functions which it carries out in two different capacities. As the federal insurer of depositor accounts, it acts in its corporate capacity. 12 U.S.C. § 1728(a). As receiver, the FDIC is charged with liquidating the assets of an insolvent insured institution in an orderly fashion. 12 U.S.C. §§ 1464(d)(6)(A), 1729(b), (d).

> The trustee asserts that,
> There is only one FDIC and there was only one FSLIC. References to FDIC (or FSLIC) as Receiver or Corporate are fictions utilized in legal argument to provide separate analysis of the functions of the FDIC and FSLIC. Such fictions do not have the force and effect of creating two separate cognizable entities, as that is a legislative matter reserved for Congress.

As a receiver, the FDIC (and formerly, the FSLIC) acts as a receiver of a failed institution, marshalling its assets in order to pay the institution's creditors. *Federal Savings & Loan Insurance Corporation v. Locke*, 718 F.Supp. at 579. In this capacity, the FDIC merely takes the place of any receiver that might be appointed under state law. *Id.* In its corporate capacity, the FDIC (and formerly, the FSLIC) acts as insurer of accounts.

The trustee appears to recognize that it is necessary to distinguish the distinct capacities of the FDIC in order to analyze the issues and motions in this case. The trustee does not, however, conduct the appropriate analysis. The assumption and argument throughout the trustee's case, is that since the FDIC exists in its corporate or receiver capacity with respect to First-South, the FDIC is liable for the actions of FirstSouth. The statutes and case law are not only clear with respect to this issue, they are uniform. The trustee may only sue and recover against the FDIC in accord with law. The courts have consistently respected the distinction of the FSLIC and FDIC in their corporation and receivership capacities.[5] *See Federal Deposit Insurance Corporation v. Manatt*, 723 F.Supp. 99, 105 (E.D.Ark.1989); *Federal Deposit Insurance Corporation v. Corning Savings and Loan Association*, 696 F.Supp. 1245, 1247–48 (E.D.Ark.1988); *Trigo v. Federal Deposit Insurance Corporation*, 847 F.2d 1499, 1502 (11th Cir.1988); *Hymel v. Federal Deposit Insurance Corporation*, 925 F.2d 881, 882–83 (5th Cir.1991); *Womble v. Dixon*, 752 F.2d 80, 81 (4th Cir.1984); *Federal Deposit Insurance Corporation v. Ashley*, 585 F.2d 157, 161 (6th Cir.1978); *Freeling v. Sebring*, 296 F.2d 244, 245 (10th Cir.1961). When acting in its corporate capacity, the FSLIC is operating as a distinctly separate entity from its receivership capacity, pursuant to a specific statutory scheme passed by Congress. *See generally Federal Savings and Loan Insurance Corporation v. Locke*, 718 F.Supp. 573, 579 (W.D.Tex.1989). The capacities and liabilities are distinct and must be respected. *See Manatt*, 723 F.Supp. at 105. It is noteworthy that in *Federal Deposit Insurance Corporation v. Condit*, 861 F.2d 853 (5th Cir.1988), the creditor lost its remedy because it refused to recognize and analyze from which FDIC capacity it sought relief. *Id.* at 857 ("In our adversarial system, we place many burdens of litigation on the parties. Determining whom one is suing is one such burden the litigants face.").

---

5. As stated in the stipulations of fact, FIRREA eliminated the FSLIC. While the FSLIC was the entity to make the decision at issue in this case, the assumption by the FDIC of the FSLIC's duties does not affect the analysis of the issues in this case. *See Federal Savings and Loan Insurance Corporation v. Locke*, 718 F.Supp. 573, 581 (W.D.Tex.1989); *see also Federal Savings and Loan Insurance Corporation v. Murray*, 853 F.2d 1251, 1254 (5th Cir.1988).

## D. *Analysis of the Motions*

### 1. Applicable Bankruptcy Law

██ The Complaint alleges that Count I of this matter is a "core proceeding" within the meaning of 28 U.S.C. § 157(b) as exemplified by 28 U.S.C. § 157(b)(2)(E) and that Count II is a "related" proceeding. The answer admits these allegations.

The Bankruptcy Court has the authority and duty to determine whether a particular proceeding is core or non-core. 28 U.S.C. § 157(b)(3). If the proceeding is core, the bankruptcy judge has authority to adjudicate it unless the district court withdraws the reference.[6] 28 U.S.C. § 157(d). There is support in the legislative history for a broad interpretation of what constitutes a core proceeding, yet constitutional concerns mandate a cautious approach.

A bankruptcy judge may hear a non-core proceeding referred by the district court but may not enter a final judgment or order. Instead the bankruptcy judge is authorized to submit proposed findings of fact and conclusions of law to the district court. The district court enters the final judgment after considering the bankruptcy judge's proposed findings and conclusions and reviewing *de novo* any matters to which a party has properly objected. 28 U.S.C. § 157(c)(1); Rule 9033, Federal Rules of Bankruptcy Procedure. The Court finds that neither Count I nor Count II sets forth a core proceeding. Count II is clearly non-core. Count I, when stripped of its characterization as a turnover action, is nothing more than a request for judicial review of an agency determination which does "not arise in the core bankruptcy function of adjusting debtor-creditor rights." 130 Cong.Rec. H1848 (daily ed. Mar. 21, 1984). Hence, this Court cannot enter a final order in this adversary proceeding.

### 2. The Motions for Summary Judgment as to Count I

Count I requests turnover[7] of property of the estate. The essential allegations are:

(1) that the books and records erroneously reflected a zero balance on the account by reasons of the wrongful payment to Thomas Karham by FirstSouth; and

(2) that the estate is entitled to withdraw the entire $100,000 and accrued interest as of the date of default of First South since the account constituted property of the estate.

The FDIC/Receiver does not dispute that a *claim* exists. Indeed, the FSLIC ruled that the plaintiff trustee held an unsecured claim against the FSLIC/Receiver and has turned over the trustee's pro rata share in accord with its regulations. The trustee does not raise any issues regarding the proper amounts to be distributed pursuant to the grant of an unsecured claim.

In this case, the only manner in which to phrase the issue as a bankruptcy question is whether the property of estate is composed of a claim (admittedly unsecured) solely against the FDIC/Receiver or if the claim includes an insured deposit of $100,000 payable by FDIC/Corporate. The FDIC/Receiver admits that the claim exists and is payable. Thus, any causes of action with respect to the FDIC/Receiver are essentially moot. *Cf. Federal Savings and Loan Insurance Corporation v. Locke,* 718 F.Supp. 573, 577 (W.D.Tex.1989) (suit dismissed because unsecured claims against the financial institution were worthless). In the instant case, the trustee is entitled to receive its pro rata share of the assets of FirstSouth. If the estate also holds an insured account the FDIC/Corporate would be required to turn over the insured limit, $100,000.

---

**6.** The district court denied the FDIC's motion to withdraw reference in this matter.

**7.** As the allegations of the complaint make clear, this Count is essentially a request for judicial review of agency decision, in the guise of a turnover proceeding.

In a turnover proceeding, the burden is upon the debtor to show that the item is property of the estate. *In re World Communications, Inc.,* 72 B.R. 498 (D.Utah 1987). Section 542 of the Bankruptcy Code (11 *U.S.C.*) requires anyone holding property of the estate to deliver it to the trustee. In the instant case, the debtor has a claim against the FDIC in some capacity, the substance of which is discussed below. This claim is property of the estate within the broad meaning of Bankruptcy Code section 541. Property of a bankruptcy estate includes all interests of a debtor, including bank deposits, *Homan v. Kemba Cincinnati Credit Union (In re Homan),* 116 B.R. 595, 599 (Bankr.S.D.Ohio 1990), and claims or causes of action, *Mixon v. Anderson (In re Ozark Restaurant Equipment Co., Inc.),* 816 F.2d 1222, 1225 (8th Cir.1987), and thus of the claim against the FDIC.

### a. *FDIC/Corporate*

■ FDIC/Corporate is entitled to dismissal with respect to this cause of action. The basis for asserting that the $100,000 is property of the estate is that the employees of First South wrongfully paid the account to an improper party. The FDIC/Corporate cannot be held liable because neither the FSLIC, nor the FDIC, in their *corporate* capacities are successors in interest to a failed depository institution, nor do they assume the liabilities of such institutions. Rather, any claims arising from actions of a failed depository institution and its agents are enforceable only against the FDIC or FSLIC receiver, not out of the public funds entrusted to the FDIC or FSLIC in their corporate capacities. *See generally Federal Deposit Insurance Corporation v. Condit,* 861 F.2d 853 (5th Cir. 1988). It is well settled that the FDIC/Corporate cannot be held liable for the actions of a failed institution. *Trigo v. Federal Deposit Insurance Corporation,* 847 F.2d 1499, 1503 (11th Cir.1988); *Federal Deposit Insurance Corporation v. Cuvrell (In re F & T Contractors, Inc.),* 718 F.2d 171, 180 (6th Cir.1983); *Federal Deposit Insurance Corporation v. Citizens Bank & Trust Co. of Park Ridge, Ill.,* 592 F.2d 364 (7th Cir.), *cert. denied,* 444 U.S. 829, 100 S.Ct. 56, 62 L.Ed.2d 37 (1979); *Federal Deposit Insurance Corporation v. Tito Castro Const.,* 548 F.Supp. 1224, 1226 (D.P.R.1982), *aff'd,* 741 F.2d 475 (1st Cir.1984); *Locke,* 718 F.Supp. 573 (W.D.Tex.1989). Regardless of the theory upon which the trustee proceeds, the wrongful conduct of the financial institution's employees cannot be imputed to the FSLIC or FDIC in their corporate capacities. *Federal Deposit Insurance Corporation v. Corning Savings and Loan Association,* 696 F.Supp. 1245, 1248 (E.D.Ark.

1988) ("One cannot sue the FDIC corporate for acts of the Receiver, since the FDIC in its corporate capacity is not liable for those actions."). Thus, the acts of FirstSouth's employees cannot bind the FDIC to provide insurance coverage which is not authorized by statute or regulation. *Holm v. Federal Savings & Loan Insurance Corp.,* No. 87-4123, slip op. at 6 (C.D.Ill. Dec. 11, 1989); [8] *Tokar v. Federal Deposit Insurance Corporation,* No. A90–078, at 5 (D.Alaska Mar. 20, 1990) ("[T]he error here was that of a bank employee in dissuading plaintiff from opening two accounts. The FDIC is not bound by or answerable for the bank employee's error.").

Accordingly, even taking the allegations of the complaint as true, the law does not provide for a general claim against the FDIC in its corporate capacity. Count I must be dismissed as to the FDIC/Corporate.

### b. *FDIC/Receiver*

■ As discussed in the immediately preceding section, any claims arising from actions of a failed depository institution and its agents may be enforceable against the FDIC as receiver or, formerly, against the FSLIC as receiver. *Federal Deposit Insurance Corporation v. Condit,* 861 F.2d 853, 856–58 (5th Cir.1988); *see Federal Deposit Insurance Corporation v. Corning Savings and Loan Association,* 696 F.Supp. 1245, 1248 (E.D.Ark.1988). Count I seeks turnover of the insured amount, $100,000 plus interest, of the CD that was at one time a deposit at FirstSouth. The bases of these allegations are alleged tortious acts by FirstSouth prior to the date of default of FirstSouth. As already stipulated by the parties, the trustee's claim has already been allowed as a general unsecured claim against the FDIC/Receiver.

---

**8.** The trustee intimates that the attachment of unpublished district court opinions to the FDIC briefs are in some manner improper. Eighth Circuit Local Rule 28A(k) prohibits citation in a brief before the Eighth Circuit to an opinion "not intended for publication." The slip opinions, copies of which were provided to all counsel and the Court, cited by the FDIC entities do not indicate on their face that they are not intended for publication. So long as there is no prohibition of publication and accurate, complete copies are submitted to all counsel, there is no impropriety in citing unpublished opinions of any court. While opinions from other districts are not binding, citation opinions of other courts, whether they are published or not, may be helpful to this Court in its analysis and review of the law. The Court welcomes citation of relevant authority by any party.

Further, the parties stipulated that the trustee has been receiving pro rata distribution payments from the FDIC/Receiver. The trustee is receiving all the relief from the receiver that it is entitled to receive as a matter of law as against the receiver.

The fact that the FSLIC/Receiver allowed the claim does not mean that the trustee is entitled to more than his pro rata share. Priority is set up by Congress. It is not for this Court to alter those priorities. *Holm v. Federal Savings & Loan Insurance Corp.*, Case No. 87–4123, slip op. at 8 (C.D.Ill. Dec. 11, 1989). As the court stated in *Holm:*

> The insurance regulations of the FSLIC set out the priorities for payment to different types of creditors of an insolvent bank.... Unsecured creditors have a lower priority than do bank depositors.... Plaintiff has provided no argument that the priorities established by the FSLIC are themselves arbitrary or capricious. (Since the priorities clearly track the similar bankruptcy provision, the Court presumes that such an argument would fail.) Plaintiff simply thinks it would be fair for this Court to allow him to "leapfrog" over the claims of uninsured depositors, secured creditors and others in similar or higher priorities than he. There is absolutely no legal or equitable basis for granting the Plaintiff that remedy.

*Id.*

■ Since the validity of the claim against the FSLIC/Receiver is not disputed by the FDIC/Receiver, *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corporation*, 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), has no bearing on this analysis. *See Popkin v. Jacoby (In re Sunrise Securities Litigation)*, 916 F.2d 874, 888 n. 14 (3d Cir.1990). Since the FDIC/Receiver admits there is an unsecured claim, has allowed that claim, and has paid on that claim, there is nothing to adjudicate. This Court has no subject matter jurisdiction over matters which are not in controversy. *Lewis v. Continental Bank Corporation*, 494 U.S. 472, 477, 110 S.Ct. 1249, 1253, 108 L.Ed.2d 400 (1990) ("To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."). While it may seem unfair to the trustee that he is now placed in a situation similar to unsecured creditors in bankruptcy, his status as trustee in bankruptcy pursuant to title 11, does not afford him greater rights under title 12. *See Holm*, slip op. at 9 ("The resulting frustration, however, cannot serve as the basis for legal decision. If disgruntled depositors were allowed to do what [the trustee] seeks to do here, the ramifications would render meaningless the government's attempts to deal with this serious problem [of failed financial institutions].").

### 3. The Motions for Summary Judgment as to Count II

Count II is on the Insurance Claim. This count alleges that

(1) the FSLIC (FDIC) is "statutorily obligated to and did insure the account of depositors with FirstSouth";

(2) CSC had an account;

(3) the FSLIC (FDIC) had a duty to determine whether a depositor had the right of withdrawal and to treat such persons as insured members; and

(4) the estate was entitled to insurance coverage in the sum of $100,000.

#### a. *FDIC/Corporate*

■ As discussed above, in determining this claim, the Court is acting as reviewer of agency decision-making, pursuant to 5 U.S.C. § 706. This Court is not to rehear or decide anew the facts. Rather, the function of the Court is to review the agency decision to determine if it was arbitrary or capricious.[9] *Motor Vehicle Manufactur-*

---

9. While the statute sets forth several grounds for reversing agency decisions, this is the ground relied upon by plaintiff. Count II of the complaint is not properly pleaded as a request for review of the agency action, but instead attempts to relitigate the facts. The plaintiff's motion for summary judgment, however, does

*ers Association v. State Farm Mutual Automobile Insurance Co.,* 463 U.S. 29, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983). The review by the Court is based solely upon the applicable law and the administrative record. *Atlantic Refining Co. v. FTC,* 381 U.S. 357, 85 S.Ct. 1498, 14 L.Ed.2d 443 (1965). The Court is not permitted to hold a *de novo* hearing, but restricts its inquiry to the evidence presented at the administrative hearing. *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973). *See generally,* part II(B), *supra.*

The issue now reached, as stated earlier, is whether the FSLIC's decision to rely upon the books and records of FirstSouth in its determination of whether the claimant was a "depositor" or held an "insured account," was arbitrary and capricious. Based upon the complaint and the stipulated facts, summary judgment on Count II in favor of FDIC/Corporate is appropriate. It is undisputed that on the date FirstSouth closed, the $100,000 had already been paid to Thomas Karham. Accordingly, on the books and records of FirstSouth, the account purportedly assigned to CSC did not exist. *See* 12 C.F.R. § 564.1 (1989); 12 C.F.R. § 564.2(b)(1) (1988).

Upon the closure of a failed banking institution, it was the duty of the FSLIC to

> insure the accounts of depositors with FirstSouth in place on the date of shutdown as defined in the applicable statutes and regulations to the extent of $100,000.00.

Stipulation, para. 18. This stipulation simply restates the duty imposed by statute and explained in regulations. 12 C.F.R. § 564.1(a) states:

> (a) General. In the event of a default by an insured institution, the Corporation will promptly determine, from the account contracts and the books and records of the institution, or otherwise, the insured members thereof and the amount of the insured account or accounts of each such member. * * *

It is also stipulated that, "[t]he books and records of FirstSouth reflect that the funds in Account No. 1–14–20002584 were with-

drawn on April 8, 1985." Stipulation at ¶ 19.

To determine who is a "depositor" of an "insured account" this Court must look to federal law, specifically, title 12. Arkansas law is without effect in determining these questions under federal law. *See Federal Savings and Loan Insurance Corporation v. Griffin,* 935 F.2d 691, 698 (5th Cir.1991); *Holm,* slip op. at 7 ("The Court is only obliged to look to state law when the identity of the person to whom the proceeds are to be paid is in dispute. The regulation does not anticipate that the status of insurance is to be determined under state law."). Federal statutes and regulations determine federal deposit insurance coverage. *Fidelity Federal Savings and Loan Association v. De La Cuesta,* 458 U.S. 141, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982).

Section 564.1 of the Code of Federal Regulations, title 12, directs the FSLIC to promptly determine from the books and records of the failed institution the identity of the insured members of the institution and the amount of the insured accounts of such insured members. An "insured member" is defined as "a holder of an account or accounts in an insured institution ..." 12 C.F.R. § 561.2. The "amount of insured account" is described as

> The amount of an insured account is the amount which the insured member would have been entitled to withdraw as of the date of default, plus interest on any savings account accrued. * * *

12 C.F.R. § 564.1(b). There is no dispute that the funds in Account No. 584 were withdrawn on April 8, 1985, and that such account did not exist on the books and records when FirstSouth failed. The trustee for CSC would not have been "entitled to withdraw as of the date of default, such funds." Thus, the trustee for CSC was not an "insured member" entitled to deposit insurance.

To determine the account holders, *i.e.,* the entitlement to withdraw funds, the FSLIC looked to the books and records of

---

address and to some extent argue in the alterna-          tive the correct standard.

the failed institution, FirstSouth. *See* 12 C.F.R. §§ 564.1 (1989); 12 C.F.R. § 564.-2(b)(1) (1988). The FSLIC insurance regulations specifically provide that the books and records of the insolvent institution are controlling.[10] *Id.* The case law supports this position. *See Riley v. Federal Deposit Insurance Corporation,* No. CA6–89–0045–W, slip op. (N.D.Tex. Mar. 28, 1990), *aff'd,* 923 F.2d 852 (5th Cir.), *cert. denied,* ——— U.S. ———, 112 S.Ct. 94, 116 L.Ed.2d 65 (1991); *Baskes,* 649 F.Supp. at 1362; *Abdulla Fouad & Sons v. Federal Deposit Insurance Corporation,* 898 F.2d 482, 484–85 (5th Cir.1990); *Lambert v. Federal Deposit Insurance Corporation,* 847 F.2d 604, 607 (9th Cir.1988); *Jones v. Federal Deposit Insurance Corporation,* 748 F.2d 1400, 1405 (10th Cir.1984); *see also Federal Savings and Loan Insurance Corporation v. Smith,* 755 F.Supp. 1432, 1439 (E.D.Ark.1989) ("[P]ublic policy is best served if the regulatory agency is empowered to rely on the face of bank records."); *Federal Savings & Loan Insurance Corporation v. Griffin,* 935 F.2d 691, 697 (5th Cir.1991); *Federal Deposit Insurance Corporation v. Kasal,* 913 F.2d 487, 490–92 (8th Cir.1990) (discussing importance of ability to rely on bank records in 12 U.S.C. § 1823(e) context).

The trustee's bases for asserting that the agency action was "arbitrary and capricious," as near as can be discerned, are (1) that plaintiff obtained "advice of counsel" to the contrary; and (2) the FSLIC permitted the claim to "languish without determination for 18 months." Plaintiff's Response to Defendant FDIC's Motion to Dismiss at 3 (hereafter "Plaintiff's Response). The trustee cites as proof of the legal opinion, Tab K of the administrative record. Tab K is a letter from the FSLIC to a Chicago law firm, not a legal opinion from counsel. The letter merely references an oral conversation with a member of a Little Rock law firm in which that member discussed provisions of Arkansas law. Tab J of the Administrative Record appears to be a legal discussion regarding depositor status. Even were that letter advice from counsel,[11] such counsel's advice (erroneous or not) does not render the decision arbitrary or capricious. Finally, the Court notes that the "advice from counsel" relied almost entirely upon state law, none of which is relevant to the issues in this adversary proceeding.

The Supreme Court ruled in *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corporation,* 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989), that the FSLIC did not have exclusive authority to adjudicate the validity of state law claims against a financial institution under FSLIC receivership. The trustee asserts that the "FDIC was not cloaked by Congress with adjudicatory power" and that the regulations of the FDIC "do not provide an adequate administrative remedy," citing *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp.,* 489 U.S. 561, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989). Plaintiff's Response at 2. This argument is without merit because the analysis of *Coit* has no applicability to this case. *Coit* holds that a claimant is not required to exhaust its administrative remedies before pursuit in federal court of claims against the FSLIC as receiver. *Federal Savings & Loan Insurance Corporation v. Griffin,* 935 F.2d 691, 695 (5th Cir.1991). *Coit* does not directly apply to this case as it relates to the FDIC/Corporate because *Coit* on its

---

**10.** The regulation provides:

Records. (1) The account records of the insured institution shall be conclusive as to the existence of any relationship pursuant to which the funds in the account are invested and on which a claim for insurance coverage is founded. * * *

General Principals Applicable in Determining Insurance of Accounts, 12 C.F.R. § 564.2(b) (1988). Similarly, the FDIC regulations, cited at one point by the trustee, provide as follows:

Records. (1) The deposit account records of the insured bank shall be conclusive as to the existence of any relationship pursuant to which the funds in the account are deposited and on which a claim for insurance coverage is founded.

12 C.F.R. § 330.1(b)(1). *See generally Abdulla Fouad & Sons v. Federal Deposit Insurance Corporation,* 898 F.2d 482, 484–85 (5th Cir.1990).

**11.** The letter contains a disclaimer rendering reliance on the letter questionable.

face deals only with the FSLIC's authority as receiver of a failed institution. *Hymel v. Federal Deposit Insurance Corporation,* 925 F.2d 881, 882–83 (5th Cir.1991). The *Coit* opinion carefully rules only with respect to the FSLIC in its receivership capacity throughout that opinion. Thus, *Coit* must be confined to situations in which the FSLIC acts as receiver adjudicating state law claims, such as the claim in Count I—a claim which has been paid by the receiver. *See id.* The issue in this case is whether the regulation's requirement that the agency look to the books and records and the application of that regulation in this instance was arbitrary or capricious. On those questions, *Coit* does not require *de novo* review. The standard remains whether the agency's action was arbitrary or capricious. *See Holm,* slip op.

The trustee asserts, citing *National Bank of Commerce v. Hart Cotton Co.,* 273 Ark. 78, 617 S.W.2d 343 (1981), that CSC was indeed a "depositor" and characterizes this as a "simple case of conversion of funds ... which does not affect CSC's rights as a depositor." Motion for Summary Judgment as to Defendant FDIC Corporate, filed on May 7, 1991, at 3 (hereafter "Plaintiff's Motion"). This assertion ignores the language of the regulations and the entire body of case law existing regarding the issue. It is uncontested that there was no funded account on the date of default of FirstSouth. The trustee claims to be a depositor because funds in the account were converted by a third party or because of a computer error. While these arguments may be the basis for an unsecured claim against the receiver, they are not reasons to hold the FDIC/Corporate liable for an insured account. The reason the deposit does not exist is irrelevant for insurance purposes. The fact that employees of FirstSouth may have acted tortiously [12] may have been the basis for a claim against FirstSouth, but in no manner permits an action against the insurer. The language of the statute and regulations are clear.

Further, the *Hart Cotton* case has no bearing on the issue of who is a "depositor" or what is an "insured account" even under state law. In *Hart Cotton,* the Arkansas Supreme Court, applying an Arkansas statute, held that the bank was entitled to set off funds against a depositor indebted to the bank. The trial court ruled, and that issue was not appealed, that the true owner of the funds was *entitled to judgment* against the bank. *Hart Cotton,* 617 S.W.2d at 344. *Hart Cotton* in no manner purports to hold that entitlement to a judgment of money is the equivalent of depositor status for purposes of title 12.

The trustee argues the language in the regulations, "the Corporation will promptly determine, from the books and records of the institution, *or otherwise,* the insured members," 12 C.F.R. § 564.1, places a duty upon the FSLIC to more than "glance at the computer account records." Plaintiff's Motion at 4. Once again, the trustee ignores not only the law, but the standard to be applied in this case. The FSLIC insurance regulations specifically provide that the books and records of the insolvent institution are controlling. 12 C.F.R. §§ 564.1, 564.2(b)(1). The Courts have consistently upheld determination of insurance claims based upon the records—whether or not those records were erroneous or some tortious activity had previously occurred. *See Riley v. Federal Deposit Insurance Corporation,* No. CA6–89–0045–W, slip op. (N.D.Tex. Mar. 28, 1990), *aff'd,* 923 F.2d 852 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 94, 116 L.Ed.2d 65 (1991); *Baskes,* 649 F.Supp. at 1362; *Lambert v. Federal Deposit Insurance Corporation,* 847 F.2d 604, 607 (9th Cir.1988); *Jones v. Federal Deposit Insurance Corporation,* 748 F.2d 1400, 1405 (10th Cir.1984). Indeed, the case cited by the trustee in support of his position, *Abdulla Fouad & Sons v. Federal Deposit Insurance Corporation,* 898 F.2d 482 (5th Cir.1990), specifically permitted reliance on the account records:

> whether FirstSouth acted tortiously with respect to any person.

---

12. This fact is not admitted by the FDIC/Receiver. The Court makes no determination as to

FDIC's construction of section 330.1(b) is not plainly erroneous. Moreover, because FDIC could locate and rely upon [the bank's] deposit account records for [the depositor's] account and under section 330.1(b)(1) these records are conclusive, we find that FDIC's agency determination was not arbitrary and capricious.

*Id.* at 486. There are no records in the administrative file which demonstrate that the trustee is a "depositor" or held an "insured account" within the definitions of the statutes and regulations. Nor has the trustee submitted such records.

Of first importance is the undisputed fact that on the date of default of First-South, there was no account for CSC at that institution. Thus, any augmentation of the records would not work to create depositor status. As of the date of default, the trustee could not have withdrawn the funds. The fact that he may have had a cause of action against the bank, its personnel, or others, on that date, does not create depositor status. As noted by the FSLIC, the trustee's argument "confuses FirstSouth's potential legal liability with the right to withdraw funds from an insured account.... However, the issue presented herein is not that of legal liability, but rather whether Collins held an insured account at FirstSouth on December 4, 1986, the date of its default." AR, Tab A.[13] The account records of FirstSouth show that the account was closed over a year and a half prior to its failure and therefore trustee is not a depositor for purposes of deposit insurance coverage. *See Riley v. Federal Deposit Insurance Corporation,* Case No. CA6–89–0045–W, slip op. (N.D.Tex. Mar. 28, 1990), *aff'd,* 923 F.2d 852 (5th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 94, 116 L.Ed.2d 65 (1991). Based on the record, and even upon the additional documents and argument submitted by the trustee, summary judgment in favor of the FDIC/Corporate is appropriate under any standard.

Property of the estate in this case does not include an insured interest or claim against the FDIC/Corporate. Had First-South not defaulted, the trustee would have had some claim against FirstSouth, possibly for the entire amount of the CD. However, the default of a financial institution changes the context and rights of the parties pursuant to title 12 of the United States Code. Just as a debtor in bankruptcy discharges certain debts and can alter rights of certain creditors pursuant to title 11, the default of a financial institution alters rights and remedies of the financial institution's creditors. While property of the estate would include, as of the date of default, some claim against the FDIC in another capacity, the claim is an unsecured one which is payable only according to the terms of title 12 and the regulations promulgated thereunder. The fact that the claim, whatever it is worth, is property of the estate, pursuant to title 11, does not enlarge the trustee's rights under title 12. *See Paul v. Monts,* 906 F.2d 1468, 1473 (10th Cir.1990) ("When asserting rights of action against another, the bankruptcy trustee has no greater rights than the debtor has.").

### b. *FDIC/Receiver*

The law is well settled that no cause of action exists against the FDIC/Receiver with respect to an insurance claim. As discussed at length above, the distinction between the two capacities of the FDIC (and of the FSLIC) must be respected. The acts complained of in Count II involve neither receivership functions nor receivership responsibilities. Accordingly, Count II will be dismissed as to the FDIC/Receiver.

### III.   RECOMMENDATION

Pursuant to 28 U.S.C. Section 157(c), the bankruptcy court makes the above report to the United States District Court for the Eastern District of Arkansas and recommends as follows:

1. That the Motion to Dismiss and/or for Summary Judgment, filed on May 7, 1991, by the Federal Deposit Insurance

---

**13.**   References to the Administrative Record are denoted as "AR."

Corporation (Receiver) be GRANTED and the cause DISMISSED as to the FDIC/Receiver.

2. That the Motion for Summary Judgment as to Defendant FDIC/Corporate, filed by the trustee on May 7, 1991 be DENIED.

3. Federal Deposit Insurance Corporation's (Corporate) Motion to Dismiss or, in the Alternative, for Summary Judgment, filed on May 7, 1991 be GRANTED and the cause dismissed as to Count I, and summary judgment be entered in favor FDIC/Corporate as to Count II.

IT IS SO ORDERED.

DATED: March 2, 1992