943 F.2d 32
 HAVASUPAI TRIBE, a federally recognized Indian Tribe;
Delmer Uqualla; Issa Uqualla; Clark Jack, Jr.;
Rex Tilousi; Wayne Sinyella,
Plaintiffs-Appellants,
v.
F. Dale ROBERTSON, in his official capacity as Chief, United
States Forest Service; Sotero Muniz, in his official
capacity as Regional Forester, Southwestern Region, United
States Forest Service; Leonard Lindquist, in his official
capacity as Forest Supervisor, Kaibab National Forest,
Southwestern Region, United States Forest Service; Energy
Fuels Nuclear, Inc., a Colorado Corporation; Energy Fuels
Exploration Company, a Colorado Corporation; United States
of America, The United States Department of Agriculture,
Forest Service; Richard Lyng, in his official capacity as
Secretary of Agriculture, Defendants-Appellees.
 No. 90-15956.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted June 11, 1991.
Decided Aug. 26, 1991.
 
 Joe P. Sparks and Michael Shiel, Scottsdale, Ariz., for plaintiffs-appellants.
 Lawrence E. Stevens, Parson, Behle & Latimer, Salt Lake City, Utah, for defendant-appellee Energy Fuels.
 Jacques B. Gelin, Dept. of Justice, Washington, D.C., for defendant-appellee U.S. Government.
 Appeal from the United States District Court for the District of Arizona.
 Before HUG, SCHROEDER and WIGGINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 The Havasupai Tribe appeals the district court's affirmance of the decision of the Forest Service, which approved the development of a uranium mine in the area of the Grand Canyon. The Tribe had opposed the development, arguing that the plot of land involved is an area of religious significance to them, and that the Forest Service did not adequately consider the effect of such a mine on their water supply.
 
 
 2
 In this appeal the Tribe contends that (1) the district court erred by barring discovery and limiting review to the administrative record filed by the Forest Service, (2) the Plan interfered with the Tribe's aboriginal right of access to the mine site, and (3) the Environmental Impact Statement (EIS) prepared by the Forest Service violated the National Environmental Policy Act, 42 U.S.C. §§ 4321 et seq. (NEPA).
 
 
 3
 The district court considered the appellants' challenges in a lengthy and carefully reasoned opinion. Havasupai Tribe v. United States, 752 F.Supp. 1471 (D.Ariz.1990). We agree with the district court's reasoning, and indeed the appellant itself commendably does not quarrel with most of it. We therefore affirm.
 
 
 4
 Appellants argue strenuously that the district court should not have limited its review to the administrative record compiled by the Forest Service in considering the appellants' NEPA claims. The Tribe is correct in its argument that discovery beyond the administrative record is permitted where it is clear that the agency considered documents outside of that record in reaching its conclusion. The Tribe's claim that the agency considered such evidence in this case, however, is purely speculative. Because the Tribe has pointed to nothing in support of its contention that the Chief of the Forest Service acted in bad faith or relied on materials outside the administrative record, the district court did not err by barring discovery. See Animal Defense Council v. Hodel, 840 F.2d 1432, 1436-37 (9th Cir.1988), modified, 867 F.2d 1244 (9th Cir.1989).
 
 
 5
 The Tribe's most troubling claim is that there was inadequate consideration by the government of the effects of the mining on groundwater which supplies the Tribe's water. In support of this claim, however, the Tribe relies upon the contentions of Dr. David Kramer, which were made in a letter drafted after the final EIS issued. The Tribe had some obligation to raise these issues during the comment process. Its views were solicited. Absent exceptional circumstances, such belatedly raised issues may not form a basis for reversal of an agency decision. Vermont Yankee Nuclear Power Corp. v. NRDC, 435 U.S. 519, 553-54, 98 S.Ct. 1197, 1216-17, 55 L.Ed.2d 460 (1978).
 
 
 6
 Nevertheless, the district court addressed this claim and determined that the Forest Service had adequately considered the issues that the Tribe was raising. The Service's decision not to supplement the EIS in light of the information brought forth by the Tribe was not unreasonable. The district court concluded that the Tribe was "basing [its] arguments upon disagreements among experts." 752 F.Supp. at 1502. It then correctly noted that "disagreement among experts does not invalidate an EIS." Id. See Cady v. Morton, 527 F.2d 786, 796 (9th Cir.1975). Contrary to the Tribe's contention, the district court was not required to undertake a de novo review of the Forest Service's plan. See 5 U.S.C. § 706 (court reviews agency action for arbitrariness or abuse of discretion). What the district court did fulfilled its role in reviewing an EIS.
 
 
 7
 The Tribe also claims a right of access, essentially amounting to an easement, to the area that includes the mine site. This claim is based on an argument that until the 1970s, when the Grand Canyon National Park Enlargement Act, 16 U.S.C. § 228i ("GCEA"), was passed, the Tribe retained aboriginal title to that land. The GCEA includes a provision that states that it is not to be construed as depriving the Tribe of access to its religious sites. Since the GCEA is what extinguished aboriginal title, the Tribe claims, this provision works as a condition upon the Tribe's relinquishment, and pursuant to it the Tribe retained part of the "bundle of rights"--namely, an easement to any religious site included within the land it gave up.
 
 
 8
 If the GCEA were the legislative action through which the Havasupais' aboriginal title to the area was extinguished, the Tribe's argument on this issue would have significant merit. Such, however, is not the case. In 1969, the Indian Claims Commission ordered Congress to pay, and Congress did pay, compensation to the Havasupai for this land, based on the Commission's finding that Congress had taken the land in 1880. This finding, in turn, was made after a hearing in which the Havasupai presented evidence that such a taking had occurred at that time. Once Congress compensated the Tribe, aboriginal title was extinguished. See United States v. Gemmill, 535 F.2d 1145, 1148-49 (9th Cir.), cert. denied sub nom. Wilson v. United States, 429 U.S. 982, 97 S.Ct. 496, 50 L.Ed.2d 591 (1976).
 
 
 9
 For these and the reasons stated by the district court, the judgment is AFFIRMED.