NEWTON COUNTY WILDLIFE
ASSOCIATION, et al.,
Plaintiffs,

v.

George ROGERS, et al., Defendants,

and

Arkansas Forestry Ass'n,
et al., Intervenors.

STATE OF ARKANSAS ex rel. Winston
BRYANT, Attorney General,
Plaintiffs,

v.

George ROGERS, et al., Defendants,

and

Arkansas Forestry Ass'n,
et al., Intervenors.

Nos. LR–C–95–673, LR–C–95–676.

United States District Court,
E.D. Arkansas,
Western Division.

Aug. 13, 1996.

John T. Holleman, Boswell, Tucker, Brewster & Hicks, Bryant, AR, Stephan C. Volker, Sierra Club Legal Defense Fund, San Francisco, CA, for Plaintiffs.

Richard M. Pence, Jr., U.S. Attorney's Office, Eastern District of Arkansas, Little Rock, AR, Joel D. Armstrong, U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, Searcy W. Harrell, Jr., Harrell & Lindsey, P.A., Camden, AR, Thomas R. Lundquist, Crowell & Moring, Washington, DC, for Defendants.

### *ORDER*

WILSON, District Judge.

Now pending before this Court are the following motions: Defendant's motion to limit review to the administrative record and for a protective order (Docket # 33), Intervenor's motion for a protective order against discovery (Docket # 35), Intervenor's motion to strike extra-record declarations (Docket # 50), Defendant's motion to strike plaintiff's declarations as extra-record evidence (Docket # 53), Defendant's motion to strike all extra-record evidence (Docket # 69), and Intervenor's motion to strike plaintiff's latest extra-record declarations (Docket # 75).

The issue presented in these motions is whether this Court's review is limited to the administrative record under the Administrative Procedures Act and thus, prohibits any discovery or extra-record evidence. The plaintiffs state that discovery should be allowed because they doubt the accuracy of the defendant's claims as to the actions of the Forest Service and wish to depose officials there. Additionally, they claim to need discovery to defeat the laches defense raised by the defendants. In support of their position, the plaintiffs state that the law provides for extra-record evidence to be presented in environmental cases because courts have allowed plaintiffs broad authority to show that the agency's research or analysis was inadequate. In the State's response, they claim that a factual dispute has been raised and thus, clarification of the existing administrative record is necessary.

Under the Administrative Procedures Act, a court can set aside agency decisions only when they are:

(1) unconstitutional, (2) arbitrary, capricious, an abuse of discretion or otherwise not in accordance with the law, (3) not authorized by statute, (4) violative of established procedure, or (5) unsupported by substantial evidence.

*Collins Securities Corp. v. FDIC,* 145 B.R. 277, 283 (E.D.Ark.1992). Thus, the scope of review is narrow and must be confined to the

applicable law and the administrative record. *Id.* Further,

It is imprudent for the generalist judges of the federal district courts to consider testimonial and documentary evidence bearing on those questions unless the evidence has first been presented to and considered by the agency. If the agency acted improperly, the remedy is to order the agency to hold a proper hearing; not for the court to hold a hearing itself.

*Sierra Club v. Robertson,* 784 F.Supp. 593, 601 (W.D.Ark.1991). Here, the court refused to hold a hearing on the issue of a preliminary injunction, stating that such a hearing was unnecessary because the district court could only determine the merits of the plaintiffs' claims by "focusing on the administrative record ... not on some new record compiled initially in the reviewing court." *Id.* See also, *Wilkins v. Secretary of the Interior,* 995 F.2d 850, 853 (8th Cir.1993) ("The proper standard of judicial review of agency decision-making does not permit the district court to make independent findings.") Additional discussion by the 8th Circuit includes:

If the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if the reviewing court simply cannot evaluate the challenged agency action on the basis of the record before it, the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation. [Thus], the factfinding capacity of the district court is ... typically unnecessary to judicial review of agency decisionmaking.

*Florida Power and Light Co. v. Lorion,* 470 U.S. 729, 744, 105 S.Ct. 1598, 1607, 84 L.Ed.2d 643 (1985).

■ Even in light of the above decisions, it is clear that there are exceptions to the general rule that extra-record evidence is not allowed. In *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420, 91 S.Ct. 814, 825, 28 L.Ed.2d 136 (1971), the Court stated that where no formal findings were made by the administrative agency, gaining testimony from the officials who participated in the decision may be necessary.

In addition, *de novo* review may be appropriate when the action is adjudicatory in nature and the agency's fact-finding procedures were inadequate or new issues are raised in a proceeding to enforce nonadjudicatory action. *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973). However, the plaintiff is not entitled to "bolster" the record as a means of attacking the final administrative decision. *Vitale v. City of Kansas City, Missouri,* 678 F.Supp. 220, 222 (W.D.Mo.1988).

Also, in *Independent Meat Packers Assoc. v. American National Cattlemen's Assoc.,* 526 F.2d 228, 239 (8th Cir.1976), the court stated that the district court had erred by conducting a ten day evidentiary hearing because the full administrative record was before the court, stating that unless inadequate evidentiary development before the agency can be shown, the court should limit its review to the record in existence, supplemented by affidavits or depositions as explanatory proof if necessary. *Kansas City, Missouri,* 678 F.Supp. 220, 222 (W.D.Mo.1988). Here, it is unclear whether the plaintiffs are arguing that there was inadequate evidentiary development before the agency. Rather it seems that the plaintiffs believe that certain evidence was not considered by the agency— evidence that the defendants claim was not even before the agency. According to the defendant, any "new" or "relevant" evidence should be submitted to the administrative agency to be considered, not to this Court.

■ Another exception to the rule is when the plaintiff can present a "strong showing of bad faith or improper behavior." *Maxey v. Kadrovach,* 890 F.2d 73, 77 (8th Cir.1990). The plaintiffs in the case at bar claim that a comprehensive management plan was not completed by September 1995, and that this amounts to a showing of bad faith or improper behavior, thus allowing this Court the jurisdiction to go outside the record. In *Maxey,* the court found that the plaintiff had fallen short of the necessary showing although he presented evidence that there was short notice by the Board, uncertainty as to whether one Board member had enough knowledge of the relevant by-laws, and false testimony. *Id.* See, also, *Town of Norfolk v.*

*United States Army Corps of Engineers,* 968 F.2d 1438, 1458 (1st Cir.1992) (No bad faith present although plaintiffs claimed that the Dept. of Justice and the EPA secretly pressured the Corps to issue a permit).

The plaintiffs also claim that extra-record evidence is needed to show that certain concerns of the plaintiffs were presented to an agency and no action was taken. Clearly, any evidence that was presented to the agency should be a part of the record. Further, whether that evidence was considered in making decisions should also be a part of the record. If the evidence was not considered, this would be a case for remand as discussed above. However, it does not appear to the Court that extra-record evidence would be necessary to make this determination.

The plaintiffs state that the issue of extra-record evidence is treated differently in cases where NEPA is involved. Because NEPA is a procedural statute, an agency's actions under NEPA are reviewed to see if appropriate *procedural* actions were taken. *Environmental Coalition of Ojai v. Brown,* 72 F.3d 1411, 1414 (9th Cir.1995). Substantive decisions should be reviewed under the arbitrary and capricious standard. *Id.* In *County of Suffolk v. Secretary of the Interior,* 562 F.2d 1368, 1384 (2d Cir.1977) *cert. denied,* 434 U.S. 1064, 98 S.Ct. 1238, 55 L.Ed.2d 764 (1978), the court held that the district court can extend its review beyond the administrative record when the plaintiff alleges that an Environmental Impact Statement (EIS) has failed to mention a serious environmental consequence or failed to discuss a reasonable alternative in an NEPA case, stating

> [I]n NEPA cases, ... a primary function of the court is to insure that the information available to the decision maker includes an adequate discussion of environmental effects and alternatives, which can sometimes be determined only by looking outside the administrative record to see what the agency may have ignored.

*Id.* at 1384. However, in *Animal Defense Council v. Hodel,* 840 F.2d 1432, 1438 (9th Cir.1988), the court distinguished its case by noting that the administrative record and EIS contained adequate information to respond to the allegations presented, thus precluding the need to turn to extra-record evidence. *But see, National Audubon Society,* 46 F.3d 1437, 1447 (9th Cir.1994) (Court affirmed district court's consideration of extra-record evidence because the plaintiffs alleged that the Forest Service neglected to mention a serious environmental consequence in preparing the EIS).

Clearly, these cases lend credence to the plaintiffs' argument. However, another similar case indicates that the decision may turn on what and when the proposed evidence was obtained. In *Havasupai Tribe v. Robertson,* 943 F.2d 32, 34 (9th Cir.1991), the district court declined to accept the plaintiff's assertion of bad faith as a basis for including extra-record evidence but was concerned about the plaintiffs' claim that the agency's consideration of relevant information was inadequate. Because the plaintiffs relied on a letter written by an expert which was drafted *after* the EIS was issued, the court held that they had an obligation to raise these issues during the "comment process," and thus, the evidence should have been excluded. *Id.*

In conclusion, it appears that four possibilities would allow this Court to consider evidence extrinsic to the administrative record. Those would be where bad faith or improper purpose was shown, where no findings were made by the administrative agency, where there was inadequate evidentiary development at the agency hearing, or where an inquiry is necessary to explain the administrative record. The plaintiffs have alleged other means of allowing extra-record evidence, such as the ambiguity of the record and the failure of the administrative decisionmaker to consider certain evidence. However, the Court does not believe that it need look outside the administrative record to make these determinations at this point. The issues raised by the plaintiffs can be addressed by a review of what occurred at the administrative stage. If the Court then finds that circumstances warrant further agency consideration, the case can be remanded for proper proceedings at that time. Therefore, the motions addressed by this order are resolved in accordance with the

Court's finding that no extra-record evidence will be presented at this time.

IT IS SO ORDERED.